## Eline v. Richard.

Nov. 19, 1943.

284

Jones, Keith & Jones for appellant.

Cary & Abell for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 27, 1942, appellant, A. J. Eline, filed this action in the Jefferson Circuit Court against appellee, W. S. Richard, seeking to recover judgment against the latter on a note that defendant executed to plaintiff on September 16, 1931, for the sum of $1,582. To secure the note defendant on the same day executed to plaintiff a mortgage on "all stock of oils, bulk in tanks, drums and cans, stock not to inventory less than $5,000. Five thousand dollars at all times from date hereof to be kept at 1601 So. First Street, Louisville, Ky." Also on all "pumps, tanks and equipment" of defendant and also on one Cadillac sedan, one Plymouth coupe and one Ford light truck motor. Certain agreements with reference to the mortgaged property were also incorporated with the right on the part of plaintiff (mortgagee) to declare his indebtedness immediately due and to proceed to take possession of the mortgaged property upon the failure of defendant to "comply with either or any of the aforesaid provisions or covenants."

Defendant answered admitting the indebtedness declared on in the petition and averred that on July 25, 1932 (about ten months after executing his note to plaintiff) he filed his petition in bankruptcy in which he duly scheduled plaintiff's indebtedness stating plaintiff's address, and full compliance with all other requirements of the Federal Bankruptcy Act, 11 U. S. C. A. sec. 1 et seq. He filed with his answer pertinent copies of the bankruptcy proceeding; but it does not appear whether or not plaintiff filed his claim with the trustee in bankruptcy. To that defense plaintiff replied alleging "that at the said time and by the terms of said mortgage the defendant represented to the plaintiff that the personal property therein represented and described in the mortgage was the property of the defendant, that it was free from lien or encumbrance of any kind, that he was the owner thereof, and that the mortgage given to this plaintiff was a first and prior mortgage on the property there-

in described; that all of the representations of the defendant concerning the said property being free of debt or encumbrance, and all of the representations of the defendant that the mortgage given to this plaintiff was a first mortgage, were false and fraudulent and known by the defendant to be false and fraudulent at the time he secured the money from this plaintiff and executed the note and mortgage herein, and were made for the purpose of deceiving and defrauding this plaintiff of the money represented by the note and mortgage set out herein; that the defendant herein procured the loan from this plaintiff by false representations, and that his entire conduct in the giving of the note and the mortgage herein was fraudulent, and that the debt thereby created is expressly not excepted from the operation of a discharge in bankruptcy.'' Defendant's demurrer filed thereto was sustained by the court and, plaintiff declining to plead further, his petition was dismissed, from which he prosecuted this appeal.

In passing upon the propriety of the court's action in sustaining defendant's demurrer to plaintiff's reply, we will bypass and not determine the question as to whether or not plaintiff might by his reply convert his action from the ex contractu one declared on in his petition into one sounding in tort, as alleged, since there appears to be some confusion in the law as to whether such practice should be approved.

Section 17 of the Federal Bankruptcy Act, 11 U. S. C. A. sec. 35, in prescribing what obligations are dischargeable in bankruptcy, says in part: ''A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * *; (2) are liabilities for obtaining money or property by false pretenses or false representations.''

Therefore, if the petition had sought recovery for the alleged tort of defendant there could be no doubt that it was not dischargeable under the bankrupt law. But in order for it to be a valid claim sounding in tort, so as not to be dischargeable in bankruptcy, the one so insisting should allege facts so as to entitle him to a recovery against the bankrupt as based on the alleged tort. The reply of plaintiff altogether failed in that respect.

Nowhere in the mortgage, as is alleged in the above-inserted reply, did defendant expressly represent that

he was the owner of the mortgaged property, though probably it would be so implied. At any rate, the reply does not aver that plaintiff was not the owner of the mortgaged property. There is likewise nothing appearing in the mortgage that could be construed into an express representation that the mortgaged property was free of lien, or that plaintiff's mortgage was a first lien on the mortgaged property, although it is averred in the reply that plaintiff made such representations in the mortgage. But conceding that simultaneous parol representations would be equally effective (which necessarily were the only kind made, if any), then plaintiff's reply falls far short of stating any right of recovery as based on defendant's alleged tort. Nowhere is it alleged in his reply that he believed such alleged false pretenses and representations by defendant; or that he would not have made the loan or accepted defendant's note, but for such alleged false pretenses; neither did he aver in his reply that he was prejudiced by defendant's wrongful representations, since he did not point out in his pleading the amount of any prior encumbrances upon the mortgaged property so as to imperil his security for his debt, or if there was a prior encumbrance thereon, whether or not it was later paid. Therefore, if his action had been based upon the facts alleged in his reply a demurrer thereto would have been promptly sustained.

In 8 C. J. S., Bankruptcy, p. 1515, subsection b of sec. 573, the text says: "It is necessary that the false representations or pretenses should have been relied on by the creditor in parting with his property" so as not to be dischargeable in bankruptcy, and in annotations in 73 L. Ed. 593, subdivision V, are listed federal cases showing the declared rule to be that the creditor must have relied on his debtors' false pretenses and misrepresentations and without knowledge as to their falsity in order to render his ex delicto cause of action immune from discharge in bankruptcy, and there is cited to us no case, nor have we been able to find any to the contrary. Hence, it is stated in the text of 6 Am. Jur. 795, sec. 470, that "the fact that the false statement must be relied upon by the creditor has been frequently stressed." The annotation in 73 L. Ed., supra, is cited in support of that text statement. Plaintiff, not having pleaded a cause of action in his reply, for the reasons stated, and not stating any facts whereby he sustained

loss even if his pleading had been otherwise sufficient, the court properly sustained the demurrer filed thereto.

Wherefore, the judgment is affirmed.