**COMMONWEALTH LOAN COMPANY, Plaintiff, v. COLEMAN, Sr., Defendant.**

Barberton Municipal Court, Summit County.

No. 16787.   Decided November 18, 1955.

Joseph Kahn, Akron, for plaintiff.
J. Perry Teeple, Akron, for defendant.

## OPINION

By JENNEY, J.

This Court is considering this case on a motion for a new trial filed by the plaintiff.

Plaintiff claims in its amended petition that it was induced to loan the defendant $820.00 by virtue of a false and fraudulent financial statement.

The defendant answered denying that the plaintiff made said loan by virtue of a false and fraudulent financial statement and stated that the plaintiff had full knowledge of his financial status. The defendant also set up in his answer a discharge in bankruptcy as a bar to plaintiff's claim.

Upon the completion of the trial, the Court carefully considered the evidence and the authorities offered by the parties and found that the plaintiff renewed the defendant's previous loan; that the plaintiff did not rely upon the defendant's incomplete creditor statement for the reason of ten previous loans from the plaintiff to the defendant from 1948 to 1954; that the plaintiff was not induced to renew said loans by false representations. The Court therefore ordered that the defendant's discharge in bankruptcy was a bar to the collection of the note described in plaintiff's amended petition.

The plaintiff has filed a motion for a new trial.

The Court has again carefully considered the evidence and the authorities cited by the parties.

In view of the importance of this case, this Court has decided to make a separate finding of facts and law as applied to the issues in this case.

The Court finds from the evidence that the defendant had done business with the plaintiff company from 1949 until 1954 and had had ten previous loans with the plaintiff Company which loans had been renewed from time to time; that, on December 11, 1953, the defendant made application to the plaintiff for a loan of $1,000.00; that at the time of said application, the defendant was interviewed by a Mr. Leemaster, an agent of the plaintiff Company who did not testify at the trial; that, during this interview, the defendant told Mr. Leemaster that he had

several existing loans with other companies and that he had a number of store bills, doctor bills and hospital bills; that Mr. Leemaster told him that the company was only interested in his loans and was not interested in his other obligation. Accordingly the defendant only listed his loans on the financial statement attached to his application. The Court finds that there was no fraud connected with said financial statement.

The Court further finds that on January 4th, 1954, the defendant again returned to the plaintiff's office and was again interviewed by Mr. Leemaster; that the plaintiff refused to make the $1000.00 loan applied for by the defendant on 12-11-53 but did renew the defendant's existing loan for the sum of $820.00 the amount of the principal and interest of said previous loan; that the defendant came to the plaintiff's office on 1-4-1954 broke and left broke; that no additional money was advanced to the defendant on January 4, 1954; that the transaction of January 4, 1954 was strictly a renewal of the defendant's previous loan with the plaintiff company.

The Court finds that the defendant later went into bankruptcy and listed the claim of the plaintiff in his schedules in bankruptcy; that he was later granted a discharge in bankruptcy.

The Court now comes to a consideration of the rules of law governing this case.

(1) The Court finds as a matter of law that plaintiff's claim is based on section 17-a-2 of the Bankruptcy Act which reads as follows

Section 17-a-2 Bankruptcy Act

"A discharge in Bankruptcy shall release a bankrupt from all of his provable debts whether allowable in whole or in part except such as are

(2) Liabilities for obtaining money or property by false pretenses or false representations"

(2) The Court finds as a matter of law that, in view of the well known purposes of the Bankruptcy Act, exceptions to the operation of a discharge thereunder should be confined to those plainly expressed therein. This rule of law requiring a strict construction of section 17-a-2 of the bankruptcy Act was laid down by Mr. Justice McReynolds of the Supreme Court of United States in the famous case of Gleason v. Harry K. Thaw reported in Volume 236 United States Reports, page 558.

(3) This Court finds as a matter of law that the introduction in evidence of a certified copy of an order of discharge makes out a prima facie defense and the burden of proof rests upon the plaintiff to show that because of the nature of its claim, the debt sued on was excepted by law from the operation of said discharge.

Volume 1 Collier on Bankruptcy, Page 1669

(4) This Court holds as a matter of law that, in order to defeat a bankrupt's application for a discharge on the ground that he obtained credit on a materially false financial statement, it must be shown (1) that the bankrupt obtained money or property on Credit (2) that he did so on a statement of his financial condition (3) relied on by the creditor (4) that said statement was in writing (5) that it was materially false (6) that it was made to the creditor or his representative (7) for the purpose of obtaining credit from said creditor (8) and that money

or property was obtained from the creditor by the bankrupt in reliance on said statement.

Vol. 1, Collier on Bankruptcy, Pages 1598 to 1608; **Vol. 19 O. Jur., Page 335 et seq.**

"All of these ingredients must be found to exist and the absence of any one of them is fatal to recovery."

Ohio Finance Company v. Greathouse, 110 NE 2nd 805, See page 807 opinion.

(5) This Court finds as a matter of law that the acceptance of a note or similar written instrument in payment of property previously obtained by the bankrupt, even if induced by false pretenses or false representations, is not obtaining money or property within the meaning of the bankruptcy act.

Volume 1 Collier on Bankruptcy, Page 1600, Note 9.

(6) This Court finds as a matter of law that the obtaining of an extension or renewal of an existing loan by false pretenses or false representations where no additional money or property was obtained by the bankrupt is not within the exceptions contained in Section 17-a-2 of the Bankruptcy Act. This Court cannot legislate the words "Extensions or Renewals" into the context of Section 17-a-2 of the Bankruptcy Act by construction. That would be within the province of the Congress.

The Court now comes to consider the following cases cited by counsel for the plaintiff. The Court finds that these cases can clearly be distinguished from the case at bar.

Ohio Finance Company v. Greathouse, 110 NE 2nd 805.

In this case an original loan was made to Greathouse by the Ohio Finance Company in reliance on a false Financial statement. In this case there had been no previous dealings between Greathouse and the Company. Actual cash money passed to Greathouse from the Company in reliance on the financial statement.

Public Loan Corporation v. Hood, 125 NE 2nd 770.

In this case, in addition to renewing a previous loan, Public Loan Corporation were induced to loan Mr. Hood an additional $100.00 in reliance on the false financial statement.

In the case at Bar, the transaction of 1-4-1954 was strictly a renewal of the principal and interest due on ten previous loans made by the plaintiff to Mr. Coleman from 1949 to 1954. No new money passed to Mr. Coleman as a part of this transaction. He came to the Plaintiff's office broke on 1-4-1954 and left broke. The transaction was strictly a renewal. In fact the plaintiff refused to loan the defendant the $1000.00 requested in his application of 12-11-1953. It merely renewed his previous loan. He received no money or property as a result of the transaction of 1-4-1954.

The Court finds from the evidence of this case that the plaintiff has failed to sustain the burden of proof of the following essential elements necessary to bring its claim within the exceptions contained in section 17-a-2.

(1) The plaintiff failed to establish that any money or property passed to the defendant by reason of the incomplete financial statement.

(2) The plaintiff failed to establish that the statement of 12-11-1953 was intended by the defendant to be false and fraudulent.

(3) The plaintiff failed to establish that it relied on said financial statement in renewing the defendant's loan.

It is therefore ordered that the plaintiff's motion for a new trial be overruled and that plaintiff's amended petition be dismissed.