### 40459. FRIENDLY FINANCE COMPANY v. STOVER.

Russell, Judge. 1. "A discharge in bankruptcy shall release a bankrupt from all his provable debts . . . except such as . . . are liabilities for obtaining money or property by false pretenses or false representations. . ." 11 USCA § 35.

2. Where the bankrupt secures a loan by virtue of a materially

false statement in writing, the creditor may object to the discharge or permit the discharge and sue at law on the theory that the discharge did not wipe out the debt. Watts v. Ellithorpe, 135 F2d 1 (3).

3. Fraud which will prevent the discharge of the debt in bankruptcy proceedings must be actual fraud involving moral turpitude or intentional wrong. Mere implied fraud without actual bad faith is insufficient. A false warranty of title may constitute such fraud. *Peel v. Bryson,* 72 Ga. 331.

4. The elements of actual fraud are: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727, 731 (16 SE2d 176). These elements are all necessary to be proved to bring the debt within the exception to the discharge. Zerega Distributing Co. v. Gough, 52 Wash. 2d 443 (325 P2d 894). See also Seybold Finance Service, Inc. v. Schwaner (La. App.), 102 S2d 317; Accounts Supervision Co. v. Atley (La. App.), 89 S2d 508; Commonwealth Loan Co. v. Coleman (Ohio), 133 NE2d 677; Thomas v. Crosby, 146 FSupp. 296. Since fraud to be actionable must have been relied upon to the movant's injury it is essential to establish that the creditor was actually induced to part with his funds or property in reliance on the representations. Rudstrom v. Sheridan, 122 Minn. 262 (142 NW 313). Omission of a statement of existing debts from a financial statement cannot be the basis of fraud within the exception to the bankruptcy discharge when the creditor in fact had knowledge of the debts at the time the application for credit was received. In re Noble, 42 FSupp. 684 (reversed on other grounds, 129 F2d 425). The creditor must have relied on the debtor's misrepresentation of fact without knowledge as to its falsity to render the debt immune from discharge. Eline v. Richard, 296 Ky. 283 (176 SW2d 697) ; Hoskins v. Velasco Nat. Bank, 48 Tex. Civ. App. 246 (107 SW 598).

5. The defendant debtor has been discharged in a bankruptcy proceeding in which the plaintiff's debt was duly scheduled. Subsequent to the discharge plaintiff sued in the Superior

Court of Hall County contending that the debt was not dischargeable because the bill of sale on household furnishings pledged as collateral warranted that there were no liens or encumbrances thereon. Plaintiff introduced evidence of prior liens and the defendant admitted that the plaintiff's security was subject to three prior loans secured by bills of sale to secure debt on the same property, but offered uncontradicted testimony that he informed the finance company on the occasion of both this and prior loans as to the existence of such liens and the identity of the other finance companies involved. The evidence was properly admitted over the objection that it varied the terms of a written contract in contravention of *Code* § 38-501. This action is not, like that of *Miller v. Desverges*, 75 Ga. 407, one in contract on a breach of warranty. In such event the warranty would control. The issue here is fraud, which the plaintiff attempted to establish by aliunde evidence, and which the defendant rebutted by aliunde testimony to the effect that the warranty, although untrue as contended, was known by the lender to be untrue at the time the loan was made. The fact of fraud may be both established, *Kimbrough v. Adams*, 65 Ga. App. 536, 538 (16 SE2d 96), and rebutted by parol evidence.

Here the plaintiff is not attempting to alter the terms of a written instrument but rather to rely on them, using fraud to vitiate the discharge in bankruptcy. The defendant introduced the evidence objected to not for the purpose of altering the instrument but for the purpose of rebutting evidence of one of the elements of fraud necessary to be shown by the plaintiff—reliance on a, false representation. Since it was admissible for this purpose, the parol evidence rule of *Code* § 38-501 has no application. The testimony was accordingly properly admitted.

6. Nor was it error to allow the defendant to introduce prior notes given by him to the plaintiff, it appearing that the series of loans were in part renewals of existing obligations.

7. An assignment of error on the direction of a verdict in favor of the defendant "for the reason that said verdict and judgment are contrary to law and there was no legal evidence to support the same" raises only the question of whether the verdict as rendered was supported by any competent evidence. *Shippen Hardwood Lumber Co. v. Johnson*, 168 Ga. 112 (1) (147 SE 115).

The trial court did not err in entering up judgment in favor of the defendant.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED JANUARY 28, 1964.

*Smith & Smith, Douglas E. Smith,* for plaintiff in error.
*Stow & Andrews, Frank B. Stow, Robert E. Andrews,* contra.