Nickel Plate Cloverleaf Federal Credit Union, Plaintiff-Appellant, v. John F. White and Connie A. White, Defendants-Appellees.

Gen. No. 68–136.

Fifth District.

February 9, 1970.

Calvo & Mateyka, of Granite City (M. Joseph Hill, of counsel), for appellant.

William E. Brandt, of Granite City, for appellees.

PER CURIAM.

On October 26, 1966, plaintiff brought suit against the defendants alleging that on December 8, 1964, it loaned them the sum of $1,233.81 on which there was still due and owing the sum of $992.50; that the defend-

ants obtained the loan through the use of a materially false financial statement in writing upon which plaintiff relied. Plaintiff attached to the complaint an instrument entitled "Applicant's Statement" upon which the defendant, John F. White, listed certain debts. On the reverse side of the instrument the defendant, John F. White, certified to all of the statements made in the loan application and that they were made for the purpose of obtaining credit. He listed as the reasons for making the loan that he wanted money to pay off the credit union and to pay the balance due on a butane gas bill.

Defendant filed an affirmative defense claiming that the debt was discharged in bankruptcy.

The old note was cancelled, the defendants signed a new note, and the defendants received cash in the amount of $100. Later, the defendant filed a petition in bankruptcy on February 24, 1966, listing the debt owed plaintiff which had been reduced to $922.50.

When the defendants obtained the loan on December 8, 1964, John F. White filled out the applicant's statement and listed his total number of creditors as five. The evidence disclosed that at the time defendants made the loan from plaintiff they had other outstanding debts owing to creditors.

At the conclusion of the evidence the trial judge commented that fraud was hard to prove and that the plaintiff had not proved fraud in obtaining the renewal of the loan on December 8, 1964. He then entered the following judgment order on March 21, 1968:

> "Case called. Plaintiff present by attorney William Mateyka. Defendant present and represented by attorney William Brandt. Witnesses sworn, evidence heard. The Court finds that Defendant is indebted to the Plaintiff in the amount of $100.00 plus interest in the amount of $39.00 plus costs and enters

judgment for the Plaintiff against the Defendants in the above amount."

Plaintiff filed a motion for modification of the judgment to increase the amount of recovery to $992.50, plus interest and costs of suit. The trial court denied plaintiff's post-trial motion.

Plaintiff now contends that the trial court should have entered judgment for $922.50, plus interest instead of $100.00, plus interest. It argues that by a finding that part of the debt was due the plaintiff, the court was in effect finding that the second loan, the one sued upon, was obtained by false representation.

The applicable provision of the Bankruptcy Act is found in 11 USC 35 (a) (2) as amended in 1960:

"(1) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . . (2) are liabilities for obtaining money or property by false pretenses or false representations or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive. . . ."

What a creditor must prove in order to recover in the face of a discharge in bankruptcy is well stated in Sweet v. Ritter Finance Co., 263 F Supp 540, wherein the United States District Court for the Western District of Virginia said at page 543:

"Not only does Ritter Finance have the burden of proof, but it is also faced with the rule that all exceptions set forth in § 17(a) are to be strictly

construed. Gleason v. Thaw, 236 US 558, 35 S Ct 287, 59 L Ed 717 (1915). Ritter Finance must prove actual fraud before it can show Sweet's debt to be nondischargeable under § 17(a)(2). In other words, Ritter Finance must show by a preponderance of the evidence that (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations and (5) that the creditor sustained the alleged loss and damages as the proximate result of the representations having been made. Friendly Finance Co. v. Stower, 109 Ga App 21, 134 SE2d 837 (1964). See also United States v. Syros, supra, and 1 Collier on Bankruptcy § 17.16."

■ ■ In view of the court's finding that plaintiff had failed to prove fraud in obtaining the renewal, judgment should have been entered for the defendants. However, in the absence of a cross-appeal we do not reverse the judgment entered against defendant, John F. White.

The Judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.