SANITATION RECYCLING, INC.,
Plaintiff-Appellant,

v.

JAY PEAK LODGING ASSOCIATION, INC., Defendant-Appellee.

Civ. A. No. 76–214.

United States District Court, D. Vermont.

March 18, 1977.

Joseph C. Palmisano, Barre, Vt., for plaintiff-appellant.

Douglas D. DeVries, Costes & DeVries, Enosburg Falls, Vt., for defendant-appellee.

## OPINION AND ORDER

ALBERT W. COFFRIN, District Judge.

This is an appeal from a decision of the Bankruptcy Judge regarding the dischargeability of a debt owed by defendant Jay Peak Lodging Association, Inc. to plaintiff Sanitation Recycling, Inc. The case arises under § 17(a)(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2). The Bankruptcy Judge held that the defendant had not obtained money or property by false pretenses or false representations, and therefore declared the debt in question to be dischargeable. Plaintiff has appealed to this Court, as provided in § 39(c) of the Act, 11 U.S.C. § 67(c). Defendant has moved for dismissal of the appeal because of plaintiff's failure to comply with the time limits placed on him by the Rules of Bankruptcy Procedure.

In regard to the motion to dismiss, we agree with defendant that plaintiff was indeed derelict in its failure to provide a brief in a timely manner, pursuant to Bankruptcy Rule 808. The time limits set forth in the Rules of Bankruptcy Procedure are intended to provide for expeditious resolution of bankruptcy proceedings, and should not be ignored. However, because both the motion to dismiss and the appeal were heard at the same time, the Court has considered and will proceed to decide the case on the merits.

A brief recapitulation of the facts as found by the Bankruptcy Judge is suffi-

cient. Defendant was adjudicated a bankrupt on a voluntary petition filed by it on March 26, 1976. Plaintiff is an unsecured creditor under Schedule A–3 in the amount of $4,550.00. The debt arose as a result of the plaintiff's having furnished 40 chemical portable toilets to the defendant in connection with a "world archery tournament" planned and held by defendant in July, 1975. The total contract price for the rental of the toilets was $4,550.00, with a check for 50 percent or $2,275.00 to be tendered to the plaintiff at the time of delivery and the balance due to be paid when the toilets were picked up after the tournament.

On July 17, 1975 defendant issued its check for $2,275 to the plaintiff. Upon receipt of the check, plaintiff called the drawee bank and was informed that there were not sufficient funds to cover it. Upon presentment, the check was returned for insufficient funds. Nevertheless, plaintiff did cause the toilets to be delivered to the defendant for its use during the archery tournament. During a dispute at the scene of the tournament over the bad check, defendant, at the suggestion of the sheriff, issued a second check, this time for the full contract price of $4,550. This check, too, was subsequently returned for insufficient funds.

At the hearing before the Bankruptcy Judge, plaintiff attempted to establish that the procurement of the toilets by the defendants, based upon representations that the checks they issued would be honored, while they knew that they could not be honored, amounted to the obtaining of property by false pretenses or false representations. The Bankruptcy Judge found that the false representations here did not amount to the kind of fraud which is required in order to bring the case within the ambit of § 17(a)(2) of the Act.

Rule 810 of the Bankruptcy Rules states that the District Judge shall accept the referee's findings of fact unless they are clearly erroneous. But, the District Judge is "free to make his own conclusions of law, and to draw inferences or deductions, different from the referee's, on documentary, undisputed or stipulated evidence." 13 Collier, Bankruptcy ¶ 810.05 (14th ed.). Finding no clear error as to either fact or law, we affirm the decision of the Bankruptcy Judge.

■ As correctly pointed out by the Bankruptcy Judge, "the burden of proof is upon the creditor who claims that his duly scheduled debt is excepted from the operation of the discharge in Bankruptcy because of the false representation or pretense," citing 1A Collier, Bankruptcy, at 1648 (14th ed.). It is established law that the false representation or false pretense claimed under § 17(a)(2) of the Act must be of a kind involving "moral turpitude or intentional wrong;" fraud implied in law is insufficient. 1A Collier, *supra*, at 1634; *Swanson Petroleum Corp. v. Cumberland*, 184 Neb. 323, 167 N.W.2d 391 (1969); *Friendly Finance Co. v. Stover*, 109 Ga.App. 21, 134 S.E.2d 837 (1964). "Actual fraud," as opposed to fraud implied in law or "constructive fraud," requires intentional wrong or moral turpitude, *Pelton's Executor v. Dumas*, 117 Vt. 13, 17, 84 A.2d 408 (1951) and it is only this type and degree of fraud that may operate to avoid a discharge in bankruptcy. *See City National Bank of Baton Rouge v. Knight*, 421 F.Supp. 1387 (M.D.La. 1976); *In re Taylor*, 514 F.2d 1370 (9th Cir. 1975).

[T]o bar a discharge, the party alleging fraud must meet the requirements of positive fraud. That is, the alleged fraudulent representations must have been made with an intent to defraud, and the creditor must have relied on the representation in acting to his prejudice.

*In re Dolnick*, 374 F.Supp. 84, 90 (N.D.Ill. 1974).

■ On the basis of the findings of fact made by the Bankruptcy Judge, there is simply insufficient evidence that defendant intentionally misled the plaintiff regarding the likelihood of the checks being honored to constitute positive fraud. Further, plaintiff did not rely on defendant's promises to his detriment and cannot now support the claim that he was the unsus-

pecting victim of positive fraud. After plaintiff discovered that the first check was dishonored he was on notice as to the questionable state of defendant's checking account, and could easily have avoided being taken advantage of. While delivery of the toilets preceded tender of the check, defendant, according to his own testimony, was still in a position to remove the toilets after he learned from the bank that the first check would be dishonored.[1] We are in agreement with the Bankruptcy Judge in his conclusion that

> [w]ere [plaintiff] sincere in its assertion that the deposit of $2,275.00 was to be met[,] ordinary prudence would have dictated the production of cash or a certified check before delivery of the units. The same reasoning applies to its claim that it would have removed the toilets if the check for $4,550.00 were not good. When it received this check the contract period had practically expired and a fair inference is that it had no intention of removing them at that late date.[2]

While in no way condoning the acts of the defendant at the time of these transactions, the Court is unable to find any basis for upsetting the holding of the Bankruptcy Judge. This is simply not a case of intentional fraud or moral turpitude. Even if there were some doubt as to the type of fraud that obtained here, plaintiff's burden would still be a difficult one. It is not surprising, in light of the entire thrust of the Bankruptcy Act, that section 17 should be construed liberally in favor of the bankrupt. *In re Tabibian*, 289 F.2d 793, 795 (2d Cir. 1961); *In re Dolnick, supra* at 90.

The Bankruptcy Judge's findings of fact are not clearly erroneous, nor is his application of the law to those facts incorrect. Finding no error, the judgment of the Bankruptcy Judge is AFFIRMED.

---

1. Tr., at 14.

2. Opinion of Bankruptcy Judge, at 7.