**In the Matter of Mary BROWN, a/k/a Mary Brown Maxwell, Debtor.**

**Ronnie J. PRESSLEY, Plaintiff,**

**v.**

**Mary BROWN, a/k/a Mary Brown Maxwell, Defendant.**

**Bankruptcy No. B79–307R.**

United States Bankruptcy Court, N. D. Georgia, Rome Division.

March 10, 1981.

James A. Satcher, Jr., Rome, Ga., for plaintiff.

Floyd Farless, Rome, Ga., for defendant.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

The plaintiff's objection to the dischargeability of a debt brings the dispute involved herein before the Court. Testimonial and documentary evidence was presented to the Court at the duly scheduled hearing held August 25, 1980 in Rome, Georgia. Based on the consideration of the evidence adduced at trial, the briefs submitted by the parties and the pleadings on file this Court determined the debt to be dischargeable. This decision is recorded in the order entered on January 8, 1981. Pursuant to the written request of the plaintiff, the Court now supplements the order of January 6,

1981 with the findings of fact and conclusions of law set forth below.

## FINDINGS OF FACT

1. Mary Brown, ("Defendant") hired Mr. Campbell of the Campbell Auction Company to auction a parcel of real estate that she owned.

2. Defendant informed Mr. Campbell that the property was free and clear of all liens.

3. On November 20, 1976 the subject real estate was sold to Ronnie J. Pressley, ("Plaintiff"), at an auction, and on that date Plaintiff and Defendant signed a sales contract.

4. The sale was closed and Defendant executed a warranty deed on November 26, 1976.

5. Sometime after the sale was closed E. H. Maxwell, ("Maxwell"), instituted foreclosure proceedings against the property sold by Defendant to Plaintiff.

6. Maxwell is the former father-in-law of Defendant. He was the holder of a promissory note and security deed executed by Defendant to secure the debt of her then husband, Denny Maxwell.

7. Defendant brought suit against Maxwell in the Superior Court for Floyd County to enjoin the foreclosure proceedings. Plaintiff intervened in this suit claiming that Defendant had breached her warranty of good title, falsely represented that the property was free of any liens and encumbrances and conspired with Maxwell to defraud and in fact defrauded Plaintiff of $6,800.00 and other expenses.

8. The jury found in favor of Plaintiff and against Defendant in the amount of $10,000.00. It is stated in the verdict that the sum awarded includes the original purchase price for the land, monies expended for repairs and a punitive amount.

9. Judgment in the amount of $10,000.00 was entered against Defendant by the Superior Court for Floyd County on January 27, 1978.

10. Defendant filed a petition under Chapter VII of the Bankruptcy Act on June 12, 1979.

11. Plaintiff filed a complaint to determine the dischargeability of the judgment debt on July 13, 1979.

## APPLICABLE LAW

Plaintiff contends that the judgment debt owed by Defendant to Plaintiff is nondischargeable under Sections 17(a)(2) and 17(a)(4) of the Bankruptcy Act, 11 U.S.C. §§ 35(a)(2) and 35(a)(4). The Court dismissed the objection based on Section 17(a)(4) at the hearing.

Section 17(a)(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2) reads:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . .
(2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another, . . ."

Plaintiff relies on the clause pertaining to liabilities for obtaining money or property by false pretenses or false representations.

The Court recognizes that Plaintiff intervened in the suit brought by Defendant against Maxwell and alleged fraudulent conduct on the part of Plaintiff individually and, alternatively, in concert with Maxwell. Plaintiff prevailed against Defendant in this action. However, the Court is not bound by the judgment entered by the Superior Court for Floyd County. Although the jury verdict states that a punitive amount was included in the damages awarded, there is nothing on the face of the verdict or the judgment which clearly and unequivocally states that the decision is based on a finding of fraud. In this situa-

tion the Court must inquire into the nature of the liability that was reduced to judgment. *In re Johnson*, 323 F.2d 574 (3rd Cir. 1963).

A false representation or false pretense under Section 17(a)(2) must be of a kind involving moral turpitude or intentional wrong. Fraud implied in law which may exist without imputation of bad faith or immorality is insufficient. Furthermore it must affirmatively appear that such representations were knowingly and fraudulently made and that they were relied upon by the other party. *Sanitation Recycling, Inc. v. Jay Peak Lodging Association, Inc.*, 428 F.Supp. 1022 (D.Vt.1977); 1 A *Collier on Bankruptcy* (14th Edition) ¶ 17.16, pp. 1634–1636.

Plaintiff contends that Defendant obtained money from Plaintiff for the purchase of real property by falsely representing that the property was free and clear of liens. The evidence as to whether Defendant made representations to Plaintiff is conflicting. Plaintiff asserts that Defendant told him on the day of the auction and at the closing of the sale that there were no liens or encumbrances on the property. Defendant insists that she made no representations at all to Plaintiff.

Although it may be said that the evidence on whether Defendant made representations to Plaintiff is in equilibrium; after careful consideration of the evidence the Court concludes that Defendant made no false representations within the meaning of Section 17(a)(2). Throughout the hearing Defendant repeatedly insisted that she did not realize that she signed a deed to secure debt in her transaction with Maxwell. It was her understanding that she had only signed a promissory note. This testimony was undisputed and there is no reason to doubt the veracity of Defendant's statements concerning her impression of this transaction. Defendant's statements are further supported by the complaint she filed against Maxwell in the Superior Court for Floyd County. In the complaint Defendant alleges that Maxwell induced her to execute a warranty deed by telling her that the document was a mere formality which would not convey any interest in the property to Maxwell. It is obvious that Defendant did not understand the legal import of the document she signed. Due to this misapprehension Defendant sincerely believed that there were no encumbrances on the land she sold to Plaintiff. Therefore, any representation she made to Plaintiff concerning liens on the subject property were not knowingly and fraudulently made.

Because the Court has concluded that Defendant made no false representations to Plaintiff, a vital element of Section 17(a)(2) is absent in this case. The absence of this element mandates a decision in favor of Defendant. Accordingly, the Court determines that the judgment debt owed by Defendant to Plaintiff is dischargeable.

### CONCLUSIONS OF LAW

1. Defendant did not knowingly and fraudulently make a false representation to Plaintiff concerning the nonexistence of liens or encumbrances on the real property she sold to Plaintiff. It is therefore

ORDERED that the judgment debt owed by Defendant to Plaintiff shall be and same is hereby discharged.