**MULESHOE STATE BANK, MULESHOE, TEXAS, Appellant,**

v.

**Carroll Dean BLACK, Appellee.**

Civ. A. No. CA–5–87–104.
Bankruptcy No. 586–50530.
Adv. No. 586–5127.

United States District Court, N.D. Texas, Lubbock Division.

July 13, 1987.

Nolan Greak, Kirby, Ratliff & Greak, P.C., Littlefield, Tex., for appellant.

Linda Elder, Muleshoe, Tex., for appellee.

MEMORANDUM AND ORDER

WOODWARD, Senior District Judge.

This matter comes before the court on Muleshoe State Bank's appeal of the bankruptcy court's order that only a portion of the debtor's obligation to the Bank is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Neither party questions the bankruptcy court's factual finding that the debtor obtained an extension, renewal or refinancing of credit by false representation, which permits the creditor to obtain

an exception to discharge. The only issue on appeal is whether the entire debt, or only a portion thereof, is nondischargeable under § 523(a)(2)(A).

## FACTS

In February 1986, the debtor executed a note payable to Muleshoe State Bank (Bank) which renewed and consolidated several earlier notes. The note was secured by a security agreement which pledged all of the debtor's cattle, miscellaneous farm equipment and a certificate of deposit.

By July 1986 the note had become past due and the Bank began liquidating the collateral. On July 29, 1986, the debtor told his loan officer that he had nine head of cattle that would calve within thirty days. On the basis of this representation, the note was extended for another thirty days in order to allow the debtor to sell the cows and young calves as pairs, and thus realize more from the sale than if the cows were sold before calving.

Thereafter, the debtor paid to the Bank the proceeds from the sale of one cow and calf pair, but did not account for the proceeds from the remaining eight pairs. The debtor testified before the bankruptcy court that he did not have the other eight head of cattle at the time the note was extended.

After a hearing, the bankruptcy court found that the debtor had obtained the extension by a false representation and that the debt owed to the Bank was nondischargeable under 11 U.S.C. § 523(a)(2)(A) only to the extent of $4,248.00, which represents the value of eight pair of cows and calves for which the debtor failed to account.

## DISCUSSION

On appeal, the Bank argues that the entire debt of $42,740.30, plus accrued interest, should be declared nondischargeable on the authority of *Birmingham Trust*

*National Bank v. Case,* 755 F.2d 1474 (11th Cir.1985). In *Birmingham,* the debtor obtained a loan by representing that he owned certain equipment which was pledged as collateral. In fact, the equipment did not belong to the debtor. When the bank objected to the discharge of the debtor's loan, the debtor argued that the note should be held nondischargeable only to the extent of the value of the collateral. The Eleventh Circuit recognized that there is a conflict among bankruptcy courts as to whether the entire debt or only a portion is nondischargeable, but held that the better rule is that the entire debt should be held nondischargeable. *Id.* at 1477. The court relied on the language of the statute which suggested that dischargeability was an "all or nothing proposition," the statute's reference to "debt" and not to a portion of the debt, and the congressional intent that exceptions to discharge should punish debtors who engage in fraudulent conduct. *Id.*

*Birmingham* does not control this case. First, § 523(a)(2)(A) was amended after *Birmingham* arose.[1] The statute now reads:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, *to the extent obtained by*—
(A) false pretenses, a false representation, or actual fraud....

(emphasis added). The court is of the opinion that the emphasized language requires a different result than that reached by the *Birmingham* court. The amendment expressly limits the exception to discharge to the extent that the extension of credit was actually obtained by the fraudulent conduct. *In re Church,* 69 B.R. 425, 435 (Bankr.N.D.Tex.1987); 3 *Collier on Bankruptcy,* ¶ 523.08 at 523–39 (L. King 15th ed. 1987). In this case, the Bank did not make the entire $42,000 loan based on the representation that the debtor had nine head of springer cows. The Bank extended

---

1. Section 523(a)(2)(A) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984), and became effective with respect to cases filed ninety days after July 10, 1984.

credit for an additional thirty days in the anticipation of realizing an extra $4,500 from the sale of nine cow and calf pairs.

Second, the facts of *Birmingham* may be distinguished from the facts of the instant case. In *Birmingham,* the entire debt was created based upon the misrepresentation. In this case, there was no fraud with respect to the creation of the initial debt. The debtor's false representation was made only to gain a thirty day extension. The Bank did not expect the debtor to pay off the entire indebtedness after thirty days, but only to reduce the note by $4,500. The value of the eight nonexistent pairs of cattle is the amount of pecuniary loss to the Bank and the amount of the debt that is nondischargeable.

Accordingly, the judgment of the bankruptcy court is AFFIRMED.