**In re Richard P. HECKER and Ellen Forbes Hecker, Debtors.**

**FIRST INTERSTATE BANK OF WASHINGTON, D.C., N.A., Successor-in-Interest to National Enterprise Bank of Washington, D.C., Plaintiff,**

v.

**Richard P. HECKER, Defendant.**

Bankruptcy No. 88–00274.
Adv. No. 88–0021.

United States Bankruptcy Court, District of Columbia.

Jan. 6, 1989.

M. Michael Cramer, Benjamin A. Klopman, Rockville, Md., for plaintiff.

Patrick J. Kearney, Washington, D.C., for defendant.

## DECISION GRANTING MOTION TO AMEND JUDGMENT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

On November 22, 1988, trial was held on the Complaint filed by First Interstate Bank of Washington ("the Bank"), plaintiff herein, against Richard Hecker ("the Debtor"), defendant, seeking to have the debts owed to the Bank by the Debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and to recover judgment for the amount of the debt, including attorneys' fees. Based upon the evidence before it, pursuant to the findings of fact and conclusions of law read into the record at the conclusion of the trial, the Court held that the loan debt evidenced by a $50,000 note dated October 3, 1986, had been granted by the Bank in reasonable reliance upon the Debtor's false representation—made with reckless disregard of the truth—that the 75,000 shares of common stock of Applied Optics, Inc. ("the corporation") which he pledged were not "restricted" and were traded on the over-the-counter market.[1] The shares failed to bear a legend noting their restricted character as required by the Shareholders' Agreement executed by the Debtor and others as part of a registration pursuant to the Securities Act of 1933 (15 U.S.C. § 77a, et seq.) to make a public offering of other shares of the corporation's common stock. The Court inferred from the Debtor's reckless disregard of the truth that he had made the false representation with an intent to deceive. As a consequence of the deceit, the 75,000 shares could not be sold on the over-the-counter market[2] and the full principal

---

1. The Court held as to a later loan of June 3, 1987, that the Bank failed to carry its burden of proving by clear and convincing evidence that the Debtor obtained the loan based upon false pretenses or false representation. This debt was unsecured, the shares of stock were not relied upon as collateral and hence there was no showing that § 523(a)(2)(A) applied to this loan. *In re Brewood,* 15 B.R. 211, 216 (Bankr.D.Kan. 1981).

2. The Bank's unchallenged evidence was that, upon the Bank's inquiry into the possibility of selling the 75,000 shares, it was determined that the shares could not be sold. In addition, the parties' pretrial submissions reflect their apparent assumption that the shares could, in fact,

amount of the loan plus part of the additions thereon remain unpaid.

In its earlier decision the Court reasoned that the loss attributable to the Debtor's misrepresentation was the amount that would have been realized upon liquidation of the 75,000 shares had they been fully transferrable as represented by the Debtor. In so doing, the Court relied on decisions, such as *In re Mullet*, 817 F.2d 677, 680 (10th Cir.1987) and *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986), that require that the lender show that it suffered a loss as a result of the false representation. The Bank has moved for amendment of the judgment with respect to the determination of the amount of the debt held nondischargeable.[3]

Although the case law is in disagreement, *compare In re Brewood*, 15 B.R. 211, 216 (Bankr.Kan.1981) (debt held nondischargeable only to the extent of the value of the collateral) *with Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1477 (11th Cir.1985) (entire debt held nondischargeable), the Court is convinced that it erred in limiting the Bank's recovery to the amount by which it would have been secured had the stock been freely transferrable. The better view is that the entire debt is nondischargeable in these circumstances, for the reasons set forth in *Bir-*

*mingham Trust Id.* at 1477. First, "the plain language of the statute [which simply provides that the *debt* will not be discharged] suggests that dischargeability is an 'all or nothing' proposition." *Id.* Second, like the Court in *Birmingham Trust*, this Court is not persuaded that the secured creditor suffered damage only to the extent of the value of the collateral. The Court is convinced that the Bank would not have made the loan absent the Debtor's misrepresentations. Thus, this is not a case where the *Birmingham* rationale ought not apply because the loan was only partially obtained by the false representation. *See Muleshoe State Bank v. Black*, 77 B.R. 91 (Bankr.N.D.Tex.1987).[4]

The requirement in *Mullett* and *Hunter* that a lender prove the loss that resulted from the deception can be traced to cases, such as *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540, 543 (W.D.Va.1967), that in turn rely on state court cases reciting the common law elements of actionable fraud. *See, e.g., Friendly Finance Co. v. Stover*, 109 Ga.App. 21, 134 S.E.2d 837 (1964). In the case of a loan that, as here, would not have been made at all but for the mischaracterization of the collateral which was pledged to secure the entire debt, the loss arising from

---

not be sold. The unsaleability of the shares in the over-the-counter market alone establishes damage from the deceit and the issue of when, if ever, the restricted shares could eventually be sold for any amount of practical consequence is not an issue before the Court. *See SEC v. Guild Films Co., Inc.*, 279 F.2d 485 (2d Cir.) *cert. denied*, 364 U.S. 819, 81 S.Ct. 52, 5 L.Ed.2d 49 (1960); L. Loss, Fundamentals of Securities Regulation 249, 259–265 (2d ed. 1988); D. Lehr, Some Securities Law Issues In Lending on Pledged Stock, 38 Bus.Lawyr. 91, 101–121 (1982); 3 H. Bloomenthal, Securities and Federal Corporate Law §§ 4.09[4] and 4.12[9][f] (1988 rev.); SEC Rule 144, 17 C.F.R. § 230.144.

3. The Bank's motion, styled a motion for relief from judgment, invokes F.R.Civ.P. 60(b). But the motion was filed and served five days after entry of the Court's judgment and must, therefore, be treated as one under F.R.Civ.P. 59(e) to alter or amend the judgment. *Moy v. Howard University*, 843 F.2d 1504 (D.C.Cir.1988).

4. The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, amended 11 U.S.C. § 523(a)(2)(A) to

provide for nondischargeability of a debt "for money ... to the extent obtained by" false representation. Previously the statute, as construed in *Birmingham*, had provided for nondischargeability of a debt "for obtaining money ... by" false representation. Despite questioning of the validity of *Birmingham* after the 1984 amendments, in *Muleshoe State Bank* and in *Matter of Church*, 69 B.R. 425, 435 (Bankr.N.D. Tex.1987), the 1984 amendments do not alter the result here because the entire loan was obtained by the false representations. In this case, the collateral was worth far in excess of the loan when the loan was made and the decline in value was not anticipated. In contrast, in *Muleshoe State Bank*, the Debtor misrepresented that he owned eight cow and calf pairs which the bank anticipated would realize it an additional $4,248.00 in collections on a $42,000 loan. The bank extended the entire $42,000.00 loan for another 30 days. The loss thus arising from reliance on the misrepresentation was only $4,248.00, not the entire $42,000.00.

the misrepresentation is determined once the debt is established. In the context of 11 U.S.C. § 523(a)(2), the common law fraud requirement of showing a loss is already incorporated in the statute's own language requiring that the debt be "for money, property, services, or refinancing of credit, ... obtained by" the debtor's wrongdoing. A debtor whose misrepresentations induced the lender to make the entire loan in the first place is not entitled to the benefit of the scenario that would have unfolded had the debtor been truthful. The statute does not limit the lender's recovery to that part of the debt which could have been recovered after default (based upon the collateral's unexpected decline in value after the loan was made) had the debtor's representations been true.

The Bank is owed $50,000 and, pursuant to the terms of the note, interest to date of $6,314.00 and "all expenses and attorneys' fees incurred in collecting the Note."[5] Interest is clearly part of the debt for money obtained by the Debtor's false representation. *In re Romero*, 535 F.2d 618, 623 (10th Cir.1976); *Matter of Church*, 69 B.R. 425, 435 (Bankr.N.D.Tex.1987). The Debtor has not challenged the Court's prior conclusion that the Bank is entitled to attorneys' fees as part of the nondischargeable debt and that ruling will stand. Courts of Appeal that had addressed the issue, in the context of § 523(a)(2)(A) as well as other nondischargeability provisions, held that compensatory interest and attorneys' fees, if recoverable under state law, are recoverable as ancillary to the debt. While the question is not free from doubt, the Court is of the view that the technical amendment to § 523(a)(2)(A) in 1984 (see footnote 4, *supra*) is too thin a reed to divorce either interest or agreed attorneys' fees from the debt for money and that Congress did not intend to abrogate the rulings of the Courts of Appeal. *See Matter of Suter*, 59 B.R. 944, 946–47 (Bankr.N.D.Ill.1986) (citing Courts of Appeal cases). *See also Klingman v. Levinson*, 831 F.2d 1292, 1296–97 (7th Cir.1987) (attorneys' fees awarded in State court judgment held to be part of nondischargeable debt under 11 U.S.C. § 523(a)(4)); *Kwiat v. Doucette*, 81 B.R. 184, 191 n. 16 (D.Mass.1987); *Matter of Church*, 69 B.R. at 435. *Contra, e.g., Matter of Smith*, 72 B.R. 300 (Bankr.M.D.Fla.1987); *In re Beard*, 5 B.C.D. 680 (Bankr.M.D.Tenn. 1979). Nor did the Debtor challenge the Bank's evidence that an attorney's fee of 15% represents a reasonable fee for collection of this type of debt. Accordingly, the Court will enter an amended judgment awarding the Bank $64,761.10 as a nondischargeable obligation consisting of $50,000 in principal, $6,314.00 in interest, and attorneys' fees of $8,447.10.[6]

---

5. Although the note provided for late charges of 5%, the testimony regarding amounts due concerned only principal, interest and attorneys' fees. The Court thus assumes that the Bank has waived any claim to late charges or that payments already received were applied, pursuant to the terms of the note, first to the late charges to eliminate them. Thus, the Court need not decide whether late charges are part of the debt for money obtained by false representation within the meaning of 11 U.S.C. § 523(a)(2)(A).

6. In conjunction with the prior ruling that the Bank's loss was limited to what it could have realized had the 75,000 shares not been restricted, the Court further reduced the Bank's recovery by the additional amount that could have been realized by the Bank when the debt came due had it also sold 7,500 additional shares of stock of the corporation that the Debtor had pledged after the making of the loan and that were not restricted. The issue might arguably be viewed as subsumed in the issue of how much loss the Bank suffered based on the reliance on the Debtor's misrepresentations. The Court is now of the view that these additional unrestricted shares, particularly since they were pledged *after* the making of the loan, have no impact on the correct measure of damages under 11 U.S.C. § 523(a)(2)(A). If the Bank now sells these unrestricted shares, the proceeds will be a credit against the Debtor's judgment liability. If the Bank acted unreasonably in failing to sell these shares earlier, the Debtor may have a claim against the Bank, a matter on which this Court expresses no opinion. Such a claim, however, was not raised here and is not foreclosed by the judgment in this proceeding. If such a claim has any validity, it ought not be decided on this record when neither party directed attention to presenting evidence precisely fixing the value of the corporation's publicly traded stock after the debt came due.