**In re Donald J. SWANSON, Debtor.**

**Mary Joyce ROGERS, Plaintiff,**

v.

**Donald J. SWANSON, Defendant.**

**Bankruptcy No. 81–00272–BKC–JAG.**

**Adv. No. 81–0194–BKC–JAG–A.**

United States Bankruptcy Court,
S. D. Florida.

May 29, 1981.

Robert A. Plafsky, Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, Fla., for plaintiff.

Richard W. Smith, Johnson & Smith, P. A., Fort Lauderdale, Fla., for debtor-defendant.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This action was tried before the court on May 20, 1981 upon Mary Joyce Rogers' adversary complaint against Donald J. Swanson, the debtor, seeking to have a debt to her excepted from discharge. The operative facts and applicable law are as follows.

Mary Joyce Rogers lent Donald J. Swanson $22,500 and as evidence thereof Donald J. Swanson executed and delivered a mortgage note to Mary Joyce Rogers on April 26, 1978. Because the first installment was not due until May 1, 1979, the principal sum of the mortgage note was calculated to include accrued interest for the first year in the amount of $1,800 and therefore the mortgage note reflects a principal sum of $24,300. Prior to executing the mortgage note, Donald J. Swanson represented to Mary Joyce Rogers that the note would be secured by a mortgage deed in recordable form and recorded against the real property known as 2631 Sugarloaf Lane, Fort Lauderdale, Florida and legally described as follows:

Lot 26, of Block Ten of Lauderdale Isle # 2 according to the Plat thereof, recorded in Plat Book, 37, Page 46 of the Public Records of Broward County, Florida.

Simultaneously with the execution of the mortgage note, Donald J. Swanson executed and delivered a mortgage deed to Mary Joyce Rogers but intentionally failed to have his signature on the mortgage deed witnessed and intentionally failed to have the mortgage deed notarized and recorded. At the time Donald J. Swanson entered into this transaction with Mary Joyce Rogers and executed the mortgage note and mortgage deed, he was in a confidential relationship with Mary Joyce Rogers on a personal basis and was a lawyer as well. He did not represent her as a lawyer but offered her much advice. As a lawyer, he knew the significance of not having the mortgage

deed witnessed, notarized and recorded, but Mary Joyce Rogers did not fully appreciate the significance of those circumstances and was confused but gullible when Swanson told her she was protected by the mortgage as security for the debt. Mary Joyce Rogers relied on Donald J. Swanson's representation and would not have lent him the money without his assurance that the debt would be secured by a mortgage which could be enforced against the property described above if the debt were not paid. The mortgage deed was not duly witnessed, notarized, nor recorded. Donald J. Swanson has defaulted on the mortgage note by failing to make any payment on the note subsequent to March 25, 1980.

Donald J. Swanson resides on the real property described above and is the head of a family consisting of his disabled and dependent mother and himself. Therefore, the property is homestead and was exempted from the debtor's estate under Florida law in the chapter 7 proceedings.

Mary Joyce Rogers has met her burden of proof for establishing that Donald J. Swanson obtained the loan by false pretenses and/or a false representation, thus rendering the defendant's debt to her excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).