R. LANIER ANDERSON, III, Circuit Judge:
 

 John P. Case, Jr. (the “Debtor”) appeals from a decision of the district court affirming the bankruptcy court’s decision that the debt owed by the Debtor to Birmingham Trust National Bank (“BTNB”) is nondis-chargeable under § 523(a)(2) of the Bankruptcy Code. We affirm.
 

 I. FACTS
 

 The Debtor is president of Case Construction Corp. (“Case Corp.”). In late December of 1976, the Debtor sent a letter to BTNB proposing a secured loan to Case Corp. A list of equipment proposed as collateral was attached to the letter. After preliminary negotiations, BTNB decided to make the loan in the amount of $113,-934.30.
 

 James W. Skelton, Vice-President of BTNB, went to the Debtor’s office on June 14, 1977, examined the collateral, and closed the loan. On his way to the Debt- or’s office, Skelton checked the applicable records to see if a security interest was on file against the equipment proposed as collateral; none was found. At the time of the loan closing, the Debtor represented that the equipment proposed as collateral was owned by Case Corp.
 

 The Debtor paid eleven loan installments on the debt before defaulting. After subsequent negotiations, the Debtor agreed to pay a fee of $2000 to extend the loan, but the Debtor was ultimately unable to pay the extension fee. In order to protect its security interest, BTNB informed the Debt- or that it wanted to repossess the collateral. The Debtor then informed BTNB that the collateral was being used by another entity which refused to surrender possession.
 

 BTNB filed a detinue action in state court to gain possession of the collateral. Campbell Industrial Contractors, Inc. (“Campbell”) quickly enjoined BTNB from taking possession of the collateral. The parties settled the suit when BTNB realized that Campbell was the “real owner” of the equipment and that neither the Debtor nor Case Corp. had any interest therein.
 

 
 *1476
 
 When the debtor filed a petition in bankruptcy seeking to have the debt to BTNB discharged, BTNB filed its complaint to determine dischargeability which is the subject of the present appeal.
 

 II. RECKLESS DISREGARD FOR THE TRUTH AS A FALSE REPRESENTATION
 

 The Debtor argues that the bankruptcy court erred in holding that reckless disregard for the truth constitutes a “false representation” under 11 U.S.C. § 523(a)(2). The section provides, in pertinent part:
 

 A discharge under section 727,1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 

 (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
 

 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor’s or an insider’s financial condition; or
 

 (B) use of a statement in writing—
 

 (i) that is materially false;
 

 (ii) respecting the debtor’s or an insider’s financial condition;
 

 (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
 

 (iv) that the debtor caused to be made or published with intent to deceive;
 

 11 U.S.C. § 523(a)(2).
 

 Since the differences between § 523(a)(2)(A) and its predecessor, § 17(a)(2) of the Bankruptcy Act, are negligible, case law construing § 17(a)(2) serves as a useful guide in applying § 523(a)(2)(A) of the Code.
 
 In re Jones,
 
 3 B.R. 410, 412 (Bankr.W.D.Va.1980);
 
 In re Miller,
 
 5 B.R. 424, 427 (Bankr.W.D.La.1980); 3
 
 Collier on Bankruptcy
 
 ¶ 523.08[4] n. 11 (15th ed. 1982). Analogous cases in this circuit hold that reckless indifference to the truth is sufficient to bar a discharge.
 
 Gardner v. American Century Mortgage Investors,
 
 577 F.2d 928 (5th Cir.1978) (false written statement respecting debtor’s financial condition);
 
 [1]
 

 Fidelity and Deposit Co. of Maryland v. Browder,
 
 291 F.2d 34 (5th Cir.1961) (same);
 
 see also In re Houtman,
 
 568 F.2d 651 (9th Cir.1978). Since the Debtor advances no sound reason for distinguishing the rule established in those cases from the instant case, we hold that reckless disregard for the truth or falsity of a statement constitutes a “false representation” under § 523(a)(2)(A) of the Bankruptcy Code.
 

 The Debtor also argues that the evidence presented in the bankruptcy court did not justify a finding that the Debtor’s representations to BTNB were made with a reckless disregard for the truth. We must affirm the findings of the bankruptcy court unless they are clearly erroneous.
 
 In re Garfinkle,
 
 672 F.2d 1340, 1344 (11th Cir.1982). Moreover, “[sjtrict application of the clearly erroneous doctrine becomes paramount when, as here, the District Court affirmed the Bankruptcy Court’s findings.”
 
 Id.
 
 After carefully reviewing the record, we are unable to say that the bankruptcy court’s findings of reckless disregard are clearly erroneous.
 

 III. DISCHARGEABILITY OF “THE DEBT”
 

 Finally, the Debtor argues that the bankruptcy court erred in holding that the entire amount of the debt owed to BTNB was nondischargeable. Both parties agree that the purported collateral is in such a dilapidated condition as to be virtually worthless. The Debtor argues that the debt should be held nondischargeable only to the extent of the value of the purported collateral. To support this contention, the Debtor notes that under Alabama law, the measure of damages for fraud is the amount necessary to place the defrauded person in the position he would occupy if the fraudulent rep
 
 *1477
 
 resentations had been true.
 
 Chapman v. Rivers Construction Co.,
 
 284 Ala. 633, 227 So.2d 403 (1969);
 
 Fogleman v. National Surety Co.,
 
 222 Ala. 265, 268, 132 So. 317, 320 (1931).
 

 In cases such as the instant case, there appears to be a conflict among the bankruptcy courts as to whether the entire debt is nondischargeable or whether the debt is nondischargeable only to the extent of the value of the collateral.
 
 Compare In re Brewood,
 
 15 B.R. 211 (Bankr.D.Kan.1981) (debt held nondischargeable only to the extent of the value of the collateral) and
 
 In re Easterly,
 
 11 B.R. 206 (Bankr.E.D.Tenn.1981) (same)
 
 with In re Benedict,
 
 15 B.R. 671 (Bankr.W.D.Mo.1981) (entire debt held nondischargeable) and
 
 In re Swanson,
 
 12 B.R. 688 (Bankr.S.D.Fla.1981) (same). We are of the opinion that the better rule holds the entire debt to be non-dischargeable.
 

 First, 11 U.S.C. § 523 states that the “debt” is riot discharged. “Debt” is defined as “liability on a claim,” 11 U.S.C. § 101(11), and claim is defined in 11 U.S.C. § 101(4) as:
 

 (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
 

 (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;
 

 The starting point for interpreting a statute is the language of the statute itself, and absent a clearly expressed legislative intent to the contrary, that language is conclusive.
 
 Consumer Products Safety Comm’n v. GTE Sylvania, Inc.,
 
 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). In the instant case, the plain language of the statute suggests that dis-chargeability is an “all or nothing” proposition.
 

 Second, we are not persuaded that BTNB suffered damage only to the extent of the value of the collateral. There was evidence indicating that BTNB never would have made the loan absent the Debtor’s misrepresentations. In such a situation, the money advanced in reliance on the misrepresentations constitutes an adequate measure of damages. We realize that the discharge-ability of a fraudulently incurred debt and the measure of damages for the underlying fraud are separate and distinct questions. Nonetheless, the Debtor argues, and we agree, that the appropriate measure of damages for fraud does shed some light on the dischargeability question. In the instant case, however, we cannot agree that holding the debt nondischargeable only to the extent of the value of the collateral is sufficient to make BTNB “whole.”
 

 Finally, we note that the bankruptcy laws are designed to provide relief for the honest but unfortunate debtor.
 
 Brown v. Felsen,
 
 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979). By creating the fraud exceptions to discharge, Congress sought to discourage fraudulent conduct and ensure that relief intended for honest debtors does not inure to the benefit of dishonest ones.
 
 See In re Wilson,
 
 12 B.R. 363, 370 (Bankr.M.D.Tenn.1981). Similarly, we conclude that one of the purposes of the fraud exceptions to discharge is to punish the debtor for engaging in fraudulent conduct. Accordingly, we conclude that the bankruptcy court correctly held the entire amount of the debt to BTNB to be nondischargeable.
 

 For the above-stated reasons, the district court’s decision affirming the bankruptcy court is
 

 AFFIRMED.
 

 [1]
 

 . In
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.
 
 Id.
 
 at 1209.