In re Mark Stephen McCALL, Debtor.

COMMERCIAL SECURITIES CO., INC., Plaintiff,

v.

Mark Stephen McCALL, Defendant.

Bankruptcy No. 585–00952–M07.

Adv. No. 585–0239.

United States Bankruptcy Court, W.D. Louisiana, Monroe Division.

Jan. 29, 1986.

William F. Pipes, Jr., Pipes & Pipes, Monroe, La., for plaintiff.

Rick C. Anzalone, Monroe, La., for defendant.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

On August 16, 1985 the plaintiff, Commercial Securities Co., Inc., filed this complaint to determine dischargeability of debt under section 523(a)(6) of the Bankruptcy Code. On September 18, 1986 after hearing evidence and argument of counsel, the Court held that the debts due are nondischargeable under section 523(a)(6) but, received for decision the question of whether the debts are nondischargeable in their entirety or only to the extent of the value of the collateral fraudulently sold as contended by the debtor.

In this case the two loans in question were secured by various items of household property. After the mortgage was executed, the debtor sold or disposed of some of those items.

## CONCLUSIONS OF LAW

Therefore, there still remains in the possession of the debtor some of the items used as collateral on the loan. Apparently, the plaintiff would like this Court to declare the complete debt nondischargeable and ignore the fact that certain items of collateral are available to be returned to it or sold, and the proceeds applied to the amounts due on the obligations. This we will not do. In contrast, the debtor argues that the Court should render the debt discharged with the value of the items sold in violation of the mortgage held nondischargeable. Similarly, the Court does not believe the debtors way is the proper course to chart. Rather, as indicated by *Birmingham Trust National Bank v. Case*, 755 F.2d 1474 (11th Cir.1985) and held by this Court many times (see for example *Liberty Savings & Loan Association vs. Charles L. Basco*, Adv. #584-0302, 12/10/85) the whole debt is declared nondischargeable in bankruptcy. The definition of the word debt (11 U.S.C. § 101(11)) and the plain language of sections 523 and 727 preclude this Court from rendering some "part" of the debt dischargeable and some "part" nondischargeable. Clearly, Congress intended to preclude this Court, the creditor or the debtor from picking and choosing what is or what is not to be discharged under the Bankruptcy Code. It is the place of the Court to examine the actions or events involved in determining dischargeability and not the subsequent effect of our determination.

Accordingly, the obligation owed by the debtor, Mark Stephen McCall to the plaintiff is nondischargeable in bankruptcy under section 523(a)(6) of the Bankruptcy Code. This determination allows the plaintiff to proceed to enforce its chattel mortgage, seize the items of collateral remaining in the debtor's possession and proceed against the debtor for the deficiency.