**In re Windal Sherman SATTERFIELD, Debtor.**

**Shelia Satterfield SMITH and Bobby Max Satterfield, Appellants,**

**v.**

**Pat NELSON, Trustee, Appellee.**

Civ. A. No. 88–A–0738–W.

United States District Court, N.D. Alabama, S.D.

Aug. 22, 1988.

Tim R. Wadsworth, Sulligent, Ala., Marvin E. Franklin, Birmingham, Ala., for Shelia Satterfield Smith & Bobby Max Satterfield.

Robert S. McKenzie, Florence, Ala., for Winston Industries.

William K. Higgins, Jr., Jasper, Ala., for Sharon Satterfield Byrd.

## MEMORANDUM OPINION

ALLGOOD, Senior District Judge.

This case is before the court on appeal from the United States Bankruptcy Court, Northern District of Alabama, Western Division. The issue presented in this Chapter 7 case is whether there is sufficient evidence in the record to support the sale of both the bankruptcy estate's and the co-owners' interests in certain real property, located in Marion County, Alabama, under Title 11, U.S.C., Section 363(h).

The Bankruptcy Court entered judgment in behalf of the trustee, Pat Nelson, which allowed the sale. The district court is required to examine the record for substantial evidence for the Bankruptcy Judge's findings. *Birmingham Trust National Bank v. Case*, 755 F.2d 1474 (11th Cir. 1985). This court finds from the record that the Bankruptcy Court's decision is free from error and supported by substantial evidence. A copy of that Order by Judge Wright is incorporated herein and made a part of this memorandum opinion.

The Order of the Bankruptcy Court should be, and the same is hereby affirmed. An order in conformity with this memorandum opinion will be entered.

In the United States Bankruptcy Court
For the Northern District of Alabama
Western Division

BK # 86–1452

AP # 87–0107

In re Windal Sherman · Satterfield, Debtor.

Pat Nelson, Trustee, Plaintiff,

v.

Windal Sherman Satterfield; Sheila Satterfield Smith; Bobby Max Satterfield; Sharon Satterfield; Winston Industries, Inc., Defendants.

## MEMORANDUM OF DECISION [1]

■ This matter came before the Court on the Trustee's COMPLAINT TO SELL JOINTLY OWNED PROPERTY FREE AND CLEAR OF LIENS. After a trial on the merits and consideration of the applicable law, it is the opinion of this Court that the Trustee has proven each and every element of Section 363(h) of Title 11 of the United States Code. As such, the trustee is hereby authorized to proceed with the sale of the Satterfield property located at Route 2 Box 66, Detroit, Alabama. This opinion shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

---

1. During the course of these proceeding, the Debtor suggested to the Court that his daughter Sharon Satterfield Byrd was incompetent and unable to actively participate in the trial of this matter. Based on his allegation, the Court appointed Mr. William K. Higgins to act as guardian ad litem for Ms. Byrd. It was the decision of the Court to withhold ruling on the parties liability for the cost of Mr. Higgins' services until a final decision was reached on the Trustee's Complaint to Sell Jointly Owned Property Free and Clear of Liens. However, the Court did express to the parties, that it was inclined to make Mr. Higgins' fee a part of the court cost which would be borne by the losing party.

At the trial, Ms. Byrd appeared and expressed to the Court that the appointment of Mr. Higgins was not necessary. She was then questioned by the Trustee's attorney, the other Defendant's attorneys and by the Court. Based on the answers it received, the Court determined that Ms. Byrd was capable of representing herself and relieved Mr. Higgins of his responsibilities as guardian ad litem. Mr. Higgins subsequently submitted a fee application, in accordance with this Court's instructions, for the time spent prior his dismissal.

After reviewing the arguments of the parties, it is the opinion of this Court that equity dictates that Mr. Higgins' fee should be assessed as a court cost. As such, the Debtor and his three children shall equally bear the costs of this proceeding.

## FINDINGS OF FACT

In August of 1966, Windal S. Satterfield (hereinafter sometimes referred to as the Debtor) and his wife Marilyn Satterfield acquired ownership in a 40 acre tract of property which is located in Marion County, Alabama. The Satterfields maintained their ownership in this property until July 26, 1972, when they both conveyed their respective interests in the unimproved real estate to their three children, Sheila Jane Satterfield, Bobby Max Satterfield and Sharon Denise Satterfield (hereinafter sometimes referred to as Sharon Satterfield Byrd).

Two months prior to the transfer, Winston Industries, Inc., (hereinafter referred to as Winston) sued Windal S. Satterfield in the Circuit Court of Winston County for monies allegedly owed by the Debtor to Winston.[2] When Winston learned of the transfer, it filed a fraudulent conveyance action to have the deed set aside. A judgment in favor of Winston was handed down on March 26, 1985. In its judgment the Circuit Court of Marion County stated "that the conveyance made by Windal S. Satterfield to Bobby Max Satterfield, Sheila Satterfield and Sharon Satterfield on July 26, 1972, was a conveyance to defraud creditors and the same, in so far as it attempts to convey any interest of the said Windal S. Satterfield, is hereby set aside and declared void."[3] The Circuit Court left intact the 20 acres conveyed by Marilyn Satterfield.[4]

Sometime after 1972, but before the filing of the fraudulent conveyance action, the Satterfield family began construction of a home on the 40 acre tract. The house was ultimately destroyed by fire and a second home was constructed on the same property. It is this house, along with the 40 acres on which it sits, that the Trustee seeks to sell under Section 363(h) of Title 11. Construction on the second house began shortly before or during the pendency of the Marion County fraudulent conveyance action, and it appears that the house was completed some years prior to the Marion County judgment. The Satterfields contend that the Satterfield children used their monies to build the second home. Thus, argue the Satterfields, the trustee should not be allowed any monies attributable to the value of the homeplace. According to the Satterfields, the money to build the second home came from a lawsuit in which the children, as record title holders of the forty acre tract,[5] sued the electrician who installed the defective wiring that lead to the destruction of the first house. In that lawsuit, the Satterfield children were awarded approximately $160,000.00 to cover the loss of the home.[6] In addition, Mr. and Mrs. Satterfield were awarded $23,-

2. As a result of this suit, Winston obtained a judgment against Mr. Satterfield on April 18, 1973. The judgment was recorded on April 19, 1973, however, Winston allowed its lien to expire on April 18, 1983, when it failed to revive its judgment and rerecord its certificate of judgment.

3. The Court based its judgment on the jury's finding that no consideration passed from the children to Mr. and Mrs. Satterfield upon the transfer of the real estate.

4. The original judgment handed down in the Marion County action set aside the entire conveyance. However, the judgment had to be amended because Winston Industries, Inc. was not a creditor of Mrs. Satterfield and therefore had no standing to challenge her conveyance to her children.

5. The Court notes that but for the fraudulent conveyance, the three Satterfield children would not have been the record title holders of the 40 acre tract.

6. The Court is aware that the Satterfield children, as opposed to Mr. and Mrs. Satterfield, were awarded damages for the loss of the first residence. It is the Satterfields' contention that the issue of the ownership of the improvements was therefore litigated in the Mississippi action [*Johnson v. Knight*, 459 F.Supp. 962 (N.D.Miss. 1978)]. However, the question of whether the Satterfield children were in fact the rightful owners of the house and 40 acre tract never arose in that action. The children, because of the fraudulent conveyance [which was later set aside], were the record title holders to the land and the only individuals entitled to bring suit for the loss of the house. The fact that they were awarded damages for the destruction of the house is in no way binding on this Court. It is clear from the evidence presented at trial, that Mr. and Mrs. Satterfield paid for the construction of the first home and but for the fraudulent conveyance, the Mississippi suit would have been brought in their names.

964.00 in damages resulting from the loss of certain items of furniture. These sums, minus applicable attorney fees, were then pooled and placed in an account entitled "The Satterfield Building Fund." According to the documentary evidence introduced at trial, Mr. and Mrs. Satterfield were the only individuals who ever drew on the fund.

Windal Sherman Satterfield filed a voluntary Chapter 7 petition on February 21, 1986. In his petition, the Debtor listed in his schedules his one-half interest in the property subject to the present dispute. Mr. Satterfield placed a value of $6,000.00 on his undivided one-half interest. On February 18, 1987, the Case Trustee filed a complaint to sell jointly owned property free and clear of liens. The Debtor, Sheila Satterfield Smith and Bobby Max Satterfield each filed answers to the Trustee's complaint in which they alleged that the proposed sale would be inequitable.

The Court selected April 9, 1987, as the date for trial on the Trustee's complaint, however, the trial was not conducted until October 5, 1987. In the interim, the Court was deluged with motions for continuances, attorney withdrawals, motions for summary judgment and briefs in support or opposition thereof. In desperation over the ever increasing paper shuffle and what appeared to be an attempt to prevent the issues from ever coming to trial, the Court set a pleading cut-off date and notified the parties that a trial would be conducted on October 5, 1987.

At the trial, the Trustee's attorney called Vince Lavanna to testify as to the value, characteristics and location of the 40 acre tract owned by the Debtor and his three children. Mr. Lavanna, who was qualified as an expert on land appraisals, testified that the property in question was located in Marion County and consisted of a large frame-and-stone house and approximately 40 acres of land. According to Mr. Lavanna, the land itself could be characterized as two-thirds rolling land and one-third bottom land. Based on his observations of the land, it was Mr. Lavanna's opinion that any attempted partition of the land among the co-owners would be impracticable. In addition, Mr. Lavanna stated that if an equitable partition could be devised, which he doubted, such a division would result in a significantly lower return of monies to the bankrupt estate. The Satterfields' attorneys questioned Mr. Lavanna regarding his opinions, however, they did not produce any evidence to contradict his findings.

A substantial portion of the October 5, 1987, trial was spent on testimony regarding the respective percentages of ownership of Mr. Satterfield and his three children. The Trustee contends that on the date of the bankruptcy filing, Windal Sherman Satterfield was the legal owner of an undivided one-half interest in the improved 40 acre tract. In support of this position, the Trustee's attorney solicited the testimony of Mr. Fred Wood. Mr. Wood testified that he had conducted a search of the Probate Court records of Marion County, Alabama, and it was his expert opinion that the Debtor owned a one-half interest in the property. The Satterfields' contend that the Debtor is the owner of not more than an undivided one-half interest in the land minus any improvements which have been made since the original conveyance.

This Court must now determine (1) the extent of the bankrupt estates' interest in the 40 acre tract and (2) whether the Trustee has sufficiently proven the elements necessary for a sale under Section 363(h).

## CONCLUSIONS OF LAW

### 1. EXTENT OF DEBTOR'S INTEREST IN PROPERTY.

Throughout these proceedings, the Satterfields have maintained that the Debtor's interest in the 40 acre tract was limited to 20 acres of unimproved real estate. The Satterfields based their contention on the fact that it was raw land, as opposed to improved land, which was transferred to the children back in 1972. In addition, the Satterfields have consistently maintained that it was the children who paid for the residence which now stands on the land in question. This Court finds both of these arguments to be without merit.

In the Marion County fraudulent conveyance action, it was determined (1) that the Debtor made the conveyance with the intent to defraud his creditors; (2) that Winston was defrauded by the transfer; (3) that but for the conveyance Winston could have satisfied part of its claim out of the sale of the property,[7] and (4) that no consideration passed from the children to the Debtor or his wife. Based on these findings, the judge ordered that the conveyance from Windal S. Satterfield to his three children be set aside as void.

 The Satterfields, have asked this Court to reevaluate the Marion County judgment in order to determine whether the three children were entitled to a credit for the improvements made during the pendency of the fraudulent conveyance suit. Were this Court inclined to grant the Satterfields' request, which it is not, Alabama State law and the doctrine of res judicata[8] would preclude such an action. In the Marion County action, the jury found that the transfer from the Debtor to his children was a voluntary one for no consideration. Under Alabama law, the children were thus deemed to have been mutual participants in Mr. Satterfields' attempt to defraud Winston, and were therefore not entitled to a credit for any improvements made to the land. See *J.C. Jacobs Banking Company v. Campbell,* 406 So.2d 834 (Ala.1981). In addition, it is undisputed that the children had knowledge[9] of the Marion County action prior to the construction of the second house. As such, Alabama law precluded the Marion County Court from awarding them a setoff for the value of the improvements. See *Gordon v. Tweedy,* 74 Ala. 232 (Ala.1883).[10]

Notwithstanding the state court determination that the three Satterfield children were not entitled to the benefit of the improvements made to the land, the Debtor contends that his interest in the 40 acre tract is limited to unimproved real estate. In support of his contention the Debtor has cited to the Court the portion of the Marion County judgment in which it was stated that the transfer "in so far as it attempts to convey any interest of the said Windal S. Satterfield, is hereby set aside and declared void." Placing great weight on this language, the Debtor argues that the Marion County judgment merely revested in him an interest in the raw land he conveyed.

7. Under Alabama law a conveyance can not be declared fraudulent unless it is shown that there exists (1) a creditor to be defrauded, (2) a debtor intending to defraud and (3) a conveyance of property out of which the creditor could realize all or part of its claim. *Granberry v. Johnson,* 491 So.2d 926 (Ala.1986).

8. The doctrine of res judicata precludes a party from relitigating a cause of action which has been previously determined by a court of competent jurisdiction provided that certain requirements are meet. These additional requirements are (1) that the prior judgment have been rendered on the merits; (2) that the parties to both suits are substantially identical; and (3) that the same cause of action is present in both suits.
In the case at bar, it is undisputed that the Marion County Circuit Court, acting as a court of competent jurisdiction, rendered a judgment on the merits of Winston's complaint. Thus, the first two requirements of res judicata are satisfied in the present case. It is the opinion of this Court that the remaining elements are likewise satisfied. All of the parties involved in the Marion County action, except for Mrs. Satterfield, are parties to this action. The only new party is the Trustee who stands in Winston's shoes. As such, it can not be argued that the parties to both suits are not substantially identi-

cal. As for the final requirement, the central focus of this litigation has been the question of the respective ownership interests of Mr. Satterfield and his three children. It was this very question that was litigated in the Marion County Circuit Court. Thus, the doctrine of res judicata effectively precludes this Court from entertaining arguments which should have been and could have been raised in the state court proceeding. Under the doctrine of res judicata, any facts, contentions or claims (including any claim to improvements) which existed prior to the March 26, 1986, judgment were merged into the final decree and this Court can not look behind that decree.

9. All three children were defendants in the Marion County suit.

10. This analysis necessarily assumes that the children actually paid for the improvements. However, it is clear from the testimony presented at trial that it was actually Mr. and Mrs. Satterfield who furnished the funds to build both the first and second residence. In addition, it is clear that Mr. and Mrs. Satterfields were not acting in a fiduciary capacity when they expended the funds to build the two homes.

At page 4 of his closing brief, the Debtor stated that "[t]he only interest that Windal S. Satterfield had, that he could have conveyed, the interest that could have been subject to the creditor's claim at the time of conveyance and thus the only interest that was set aside by the decree was an undivided one-half interest in unimproved land." Put simply, the Debtor argues that because the improvements did not exist at the time of the conveyance he could not now have had an interest in them.

A cursory review of the Marion County judgment and supporting documents reveals that the language on which Mr. Satterfield relies was inserted by the Court merely to correct a clerical error in the original judgment. As discussed in footnote number two of this opinion, the original judgment set aside the conveyance from Mr. and Mrs. Satterfield *in toto*. However, Winston was not a creditor of Mrs. Satterfield, and therefore had no standing to challenge her conveyance, so the court amended its judgment to include the language previously quoted. It is the opinion of this Court that the effect of this amendment was merely to rectify the previous error and had no substantive effect on the nature of Mr. Satterfield's interest in the property. The Marion County judgment returned to the Debtor an undivided one-half interest in the 40 acre tract as if the land had never been conveyed. It was the decision of that tribunal not to allow the Satterfield children a credit for the improvements made, and as such, the judgment vested Mr. Satterfield with an interest in the land and improvements.

Based on both the state court action and the evidence presently before it, this Court is satisfied that Debtor has an interest in both the land and improvements. The Debtor, in his closing brief, however makes several vague allegations regarding the Trustee's failure to prove that he was the owner of an interest in the land on the day of the filing of his bankruptcy petition.[11] At page six of his brief, the Debtor states "[a]dditionally plaintiff has not met the burden of proof required that debtor owned any interest in the property when he filed his bankruptcy petition. The property is owned free of any claim by the debtor's three children and thus is not a part of the bankruptcy estate." In response to the Debtor's argument the Court simply notes that the Debtor listed as an asset of the estate his undivided interest in the 40 acre tract. In addition, there has been no evidence introduced to show that the Debtor has somehow transferred his interest to his children or some other party. In fact, the only evidence before the Court is that Mr. Satterfield remains the owner of an undivided one-half interest in the property.[12]

Having determined the extent of Mr. Satterfield's interest in the 40 acre tract, the Court will now turn its attention to Section 363(h) of Title 11 of the United States Code.

## 2. REQUIREMENTS OF SECTION 363(h).

Under Section 363(h) of Title 11, a bankruptcy trustee is empowered to sell the estate's interest in property despite the fact that the debtor is not the sole owner. In order to utilize Section 363(h), the trust-

11. In fairness to the Satterfields, it should be noted that they devoted extensive space in their briefs to the question of whether Winston's failure to revive its 1973 judgment [discussed in footnote number 1 of this opinion] precluded the Trustee from claiming an interest in the land. However, it is the opinion of this Court that the Satterfields' argument is without merit.

Section 541 of Title 11 provides that the Trustee takes title to "all legal or equitable interests of the debtor in property as of the commencement of the case." In the case at bar, the Marion County judgment revested Mr. Satterfield with an undivided one-half interest in the 40 acre tract which he had not since disposed

of. As such, the Trustee took title to Mr. Satterfield's one-half interest. The fact that Winston let its lien expire is of no consequence. Winston remains a creditor of Mr. Satterfield, and the 1972 conveyance has already been determined to be void as to Winston. As additional support for this Court's opinion, the Court cites *Almon v. Byrd,* 336 So.2d 183 (Ala.1976) in which the Supreme Court of Alabama held that an action to set aside a fraudulent conveyance may be brought even though the creditor's claim has not been reduced to judgment.

12. See page 5 of this opinion regarding the testimony of Mr. Fred Wood.

ee must prove certain evidentiary requirements. Specifically, Section 363(h) provides for the sale of a co-owners interest in property interest when:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. Section 363(h)(1), (2)(3) and (4). In the case at bar, the Trustee has present evidence directed toward the first three elements of 363(h). It is undisputed that the fourth element is inapplicable.

In the briefs filed by Mr. Satterfield and two of his children there is very little discussion of the Section 363(h) requirements. In both briefs, the parties merely allege, in general terms,[13] that the Trustee has failed to meet his burden of proof. On the other hand, the brief filed on behalf of the Trustee is fairly explicit in outlining the testimony which supports the Trustee's position. Beginning at page 3 of that brief, the Trustee's attorney outlines the testimony of Mr. Vince Lavanna who appraised the Satterfield's property at the request of the Trustee. As stated in this Court's findings of fact, Mr. Lavanna testified (1) that an equitable partition of the 40 acre tract was not feasible and (2) that a sale of only the Trustee's interest would result in a substantially lower return than would the sale of the entire property. The Satterfields cross-examined Mr. Lavanna but did not produce any evidence to contradict his opinions. As such, the only evidence before this Court is that (1) an equitable partition is not practical and (2) that a sale of only a portion of the property would result in less money for the bankrupt estate.

Based on the foregoing, the only element of Section 363(h) which this Court need address in depth is the benefit/detriment requirement of Section 363(h)(3). Under Section 363(h)(3), the Trustee must prove that the benefit to the bankrupt estate from the proposed sale will outweigh any detriment to the co-owners of the property. In the case at bar, the Trustee has shown that neither Sheila Satterfield Smith nor Sharon Satterfield Byrd reside at the Detroit residence. Thus, it can not be argued that the sale of the property would in any way work an undue hardship on these two individuals. In fact, Sharon Satterfield Byrd has expressed to the Court that she has no objection to the proposed sale. Bobby Max Satterfield is the only co-owner, besides the Debtor, who resides on the property. Certainly the sale will result in some hardship on him. However, it is the opinion of this Court that the inconvenience to Bobby Max Satterfield is outweighed by the benefit to the bankrupt estate. The Detroit residence effectively represents the only asset from which creditors can hope to

---

**13.** For example, in the brief filed on behalf of Bobby Max Satterfield and Sheila Satterfield Smith there is some discussion of the benefit/detriment element of Section 363(h)(3) which is then followed by a summary of the proponents position on the Section 363(h) sale. See Closing Arguments Brief filed on behalf of Sheila Satterfield Smith and Bobby Max Satterfield at pages 9–10. In that summary, it is stated that "[t]he trustee cannot show that the estate owns the type of interest in which the co-owner's interest may be sold without consent; that partitioning is impracticable; that the sale of the estate's undivided interest would realize significantly less than the sale free of the interests of the co-owners; or that the benefit to the estate outweighs the detriment to the co-owners." Closing Arguments Brief filed on behalf of Sheila Satterfield Smith and Bobby Max Satterfield at page 10.

In the brief filed on behalf of Mr. Satterfield, it is alleged that "the trustee does not have the debtor's title to the property but has the creditor's lien on the property and this does not meet the requirements of 363(h)." Closing Arguments Brief of Windal S. Satterfield at page 14. The proponent of the brief goes on to state that the additional requirements of Section 363(h) have likewise not been proven by the Trustee. See Closing Arguments Brief of Windal S. Satterfield at page 14.

recover any funds, and the sale of the property as a whole will provide the best chance for some degree of recovery by the creditors. In light of the co-owners right of first refusal provided for by the Bankruptcy Code, this Court finds that the Trustee has met his burden of proof on the third element of Section 363(h).

This opinion shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

### ORDER OF THE COURT

This matter came before the Court on the Trustee's COMPLAINT TO SELL JOINTLY OWNED PROPERTY FREE AND CLEAR OF LIENS. After a trial on the merits and consideration of the applicable law, it is the opinion of this Court that the Trustee has proven each and every element of Section 363(h) of Title 11 of the United States Code.

WHEREFORE, it is by the Court,

ORDERED, ADJUDGED AND DE-CREED:

1. That the Trustee is hereby authorized to proceed under Section 363(h) of Title 11 and sell the Satterfield property located in Marion County, Alabama.

2. That the Trustee shall make a report of said sale to the Court upon the completion of the sale.

3. That the expenses arising out of the appointment of William K. Higgins as guardian ad litem for Sharon Satterfield Byrd are to be and hereby are taxed as costs to Windal Sherman Satterfield, Sheila Satterfield Smith, Bobby Max Satterfield and Sharon Satterfield Byrd.

DONE AND ORDERED this 10 day of March, 1988.

(s) GEORGE S. WRIGHT
U.S. BANKRUPTCY JUDGE