In the Matter of Jerry Edward HAMM d/b/a Royal Tire of Neosho, Debtor.

**ORVAL DAVIS TIRE COMPANY, Plaintiff,**

v.

**Jerry Edward HAMM, Defendant.**

Bankruptcy No. 88–01222–SW.
Adv. No. 88–0485–SW.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Aug. 17, 1988.

On Motion for Judgment Notwithstanding the Verdict Aug. 29, 1988.

---

James Bowles, Ozark, Mo., for plaintiff.

W. Henry Johnson, Neosho, Mo., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL DECREE DENYING PLAINTIFF'S COMPLAINT FOR A DECREE OF NONDISCHARGEABILITY

DENNIS J. STEWART, Chief Judge.

This is an action brought by the plaintiff, seeking to obtain this court's decree of nondischargeability of the defendant's indebtedness to it. The plaintiff alleges that the indebtedness was created by false statements or false pretenses within the meaning of section 523(a)(2) of the Bankruptcy Code when the defendant stated to an agent of the plaintiff that there were no prior security interests covering the security which he offered to plaintiff when, in truth and fact, there was such a security interest. The action came on before the bankruptcy court for trial on August 12, 1988, in Joplin, Missouri. Plaintiff then appeared by counsel, James L. Bowles, Esquire, and the defendant appeared personally and also by counsel, W. Henry Johnson, Esquire. The evidence which was then adduced warrants the following findings of fact.

*Findings of Fact*

On June 12, 1987, the defendant obtained credit from the plaintiff. In so doing, he executed a "security agreement" with the plaintiff, in which, in pertinent part, he stated as follows:

> "That no financing statement covering the collateral or its proceeds is on file in any public office and that, except for the security interest granted in the Security Agreement, there is no adverse lien, security interest or encumbrance in or on the Collateral."

The "collateral" which was referred to therein was as follows:

> "All New Tires with brand names of Sonic, Douglas, Sumitomo, Dunlop and B.F. Goodrich: All Retreaded Tires with the brand name of M.R.R., now in the possession of the Debtor or hereafter acquired by the Debtor in the Debtor's possession at the business address set forth in this Security Agreement and/or wherever located and proceeds thereof, and all additions and accessions thereto, and all proceeds of its sale or other disposition."

As a matter of fact, however, previously, a prior creditor, one Travis, had filed a financing statement which contained an omnibus or catch-all clause purporting to perfect a security interest in all inventory subsequently obtained by the defendant. It was the testimony of the defendant in the hearing of the action at bar, however, that he in good faith believed that Travis' security interest was limited to a "purchase money security interest ... only in matter purchased from him." Consequently, when he signed the abovementioned security agreement with the plaintiff on June 12, 1987, he believed that the security pledged to plaintiff was not subject to that prior perfected security interest. At the same

time, he informed an agent of the plaintiff that Travis had a prior security interest of undefined character. Consequently, the plaintiff made efforts to discover the character of that security interest and what it covered. To this end, Jerry Edward Hamm made telephonic inquiry of the appropriate county recorder's office as to whether "Royal Tire Neosho," which was apparently the trade name used by Travis, had filed any financing statement with respect to any property of the defendant. He received a negative response from the county recorder's office, because, in reality, the financing statement was apparently filed in Travis' own name. But there is no evidence that there was any bad faith on the part on the defendant in informing the plaintiff respecting the name under which the financing statement could be expected to be filed. It later developed that the collateral in the defendant's place of business was claimed by the prior lienholder. According to the uncontradicted evidence adduced in the hearing of August 12, 1988, a sum of $7913.40 was left owing to the plaintiff by the defendant.

### Conclusions of Law

In order to achieve a decree of nondischargeability of an indebtedness under section 523(a)(2) of the Bankruptcy Code:

"the creditor must prove that the debtor obtained the money through representations which the debtor either knew to be false or made with such reckless disregard for the truth as to constitute willful misrepresentation ... The creditor also must prove that the debtor possessed scienter, i.e., an intent to deceive ... Finally, the creditor must show that it actually relied on the false representation, and that its reliance was reasonable ... The party objecting to discharge must prove the facts establishing each element by clear and convincing evidence."

*In re Kimzey,* 761 F.2d 421, 423 (7th Cir. 1985). In the action at bar, it is the defendant's apparent contention that his actions in misrepresenting the facts concerning the prior security interest were neither intentional nor a reckless disregard of the truth.[1] In making this determination—as to whether a misrepresentation was intentional or made with reckless disregard for the truth—the court need not be bound by the defendant's testimonial protestation that he was without such intent. Rather,

"(b)ecause direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred ... When the creditor introduces circumstantial evidence proving the debtor's intent to deceive, the debtor 'cannot overcome (that) inference with an unsupported assertion of honest intent.' ... The focus is, then, on whether the debtor's actions 'appear so inconsistent with (his) self-serving statement of intent that the proof leads the court to disbelieve the debtor.' ..."

*Matter of Van Horne,* 823 F.2d 1285, 1287, 1288 (8th Cir.1987). In the action at bar, however, the circumstantial evidence which has been adduced does not cause the court to discredit the testimonial denial of intention by the defendant. The "omnibus" or "catch-all" clause in the prior security agreement was not prominent. The prior security arrangement took place with the purchase of certain goods and it was not therefore naturally within the contemplation of the defendant that it should also encompass subsequently-obtained goods. And the appearance and demeanor of the defendant was not otherwise such as it would enable the court to conclude that his testimonial denial of intention was incredible. It is therefore concluded that the misrepresentation was neither intentional nor in knowing disregard of the truth, and the indebtedness which is the subject of this

---

1. Some courts of appeals have held to the "reckless disregard" standard under section 523(a)(2). "(R)eckless disregard for the truth or falsity of a statement constitutes a 'false representation' under section 523(a)(2)(A) of the Bankruptcy Code." *Birmingham Trust Nat. Bank v. Case,* 755 F.2d 1474, 1476 (11th Cir.1985). For the purpose of this action, this standard is adhered to.

action must therefore be declared to be dischargeable in bankruptcy.

Accordingly, for the foregoing reasons, it is hereby

ORDERED, ADJUDGED AND DECREED THAT the defendant's indebtedness to plaintiff in the claimed sum of $7,913.40 be declared to be, and it is hereby, declared to be dischargeable in bankruptcy and the within complaint of plaintiff for a decree of nondischargeability is accordingly denied.

### ON MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Formerly, on August 17, 1988, this court issued its findings of fact, conclusions of law and final decree denying the plaintiff's complaint for a decree of nondischargeability. Therein, this court found that the defendant's testimonial protestations that he did not intentionally mislead the plaintiff when he stated that certain inventory was unsecured when it, in reality, was secured were credible and that the circumstantial evidence otherwise did not demonstrate that that testimony was incredible. Now, on August 26, 1988, the plaintiff has filed a "motion for judgment notwithstanding the verdict or, alternatively, to alter or amend the judgment or for new trial." The only statement made in support of the motion is "that the verdict of the Court is against the weight of the evidence." But, as this court pointed out in its findings of fact and conclusions of law supporting its decree, there was evidence to support its ultimate finding of fact that the defendant did not have the intention to defraud. Thus, it was stated that:

"In the action at bar, ... the circumstantial evidence which has been adduced does not cause the court to discredit the testimonial denial of intention by the defendant. The 'omnibus' or 'catch-all' clause in the prior security agreement was not prominent. The prior security arrangement took place with the purchase of certain goods and it was not therefore naturally within the contemplation of the defendant that it should also encompass subsequently-obtained goods. And the appearance and demeanor of the defendant was not otherwise such as it would enable the court to conclude that his testimonial denial of intention (to defraud) was incredible. It is therefore concluded that the misrepresentation was neither intentional nor in knowing disregard of the truth, and the indebtedness which is the subject of this action must therefore be declared to be dischargeable in bankruptcy."

The fact that there was evidence supporting the judgment requires the denial of the motion at bar. "In reviewing a motion for judgment n.o.v., it is improper to weigh credibility or resolve conflicting testimony. The motion is properly granted only when, as a matter of law, no conclusion but one can be drawn." *Rios v. Empresas Lineas Maritimas Argentinas,* 575 F.2d 986, 990 (1st Cir.1978). It is therefore hereby, accordingly,

ORDERED that the plaintiff's "motion for judgment notwithstanding the verdict or, alternatively, to alter or amend the judgment or for a new trial" be, and it is hereby, denied.