983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AMERITRUST COMPANY, Plaintiff-Appellee,
v.
Joel A. RUDICIL, Defendant-Appellant.
 No. 92-3003.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, District Court Judge.*
 PER CURIAM.
 
 
 1
 Debtor Joel A. Rudicil appeals the district court's ruling that a debt to plaintiff Ameritrust Company was nondischargeable. Finding no merit to his argument, we AFFIRM.
 
 
 2
 In 1987, plaintiff consolidated two notes on which debtor had defaulted. As part of the refinancing, plaintiff demanded a second mortgage on debtor's home. Debtor supplied the mortgage, but forged his wife's signature on it without disclosing the forgery to plaintiff.
 
 
 3
 In 1990, debtor filed a voluntary Chapter 7 petition for bankruptcy. Plaintiff brought an adversary proceeding to determine that the debt owed plaintiff was nondischargeable under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court held that the forgery was sufficient to make the debt nondischargeable under § 523(a)(2)(A). The district court affirmed.
 
 
 4
 Section 523(a)(2)(A)[1] expressly provides that where refinancing is obtained through fraud, the resultant debt is nondischargeable. See In re Phillips, 804 F.2d 930, 932 (6th Cir.1986) (listing the elements of nondischargeability under § 523(a)(2)(A)); In re Van Horne, 823 F.2d 1285, 1289 (8th Cir.1987) (discussing fraudulently obtained refinancing as basis for nondischargeable debt under § 523(a)(2)(A)). In this case, debtor obtained refinancing by presenting a mortgage on which a signature had been forged while representing that the mortgage had been properly signed. The fraud makes the debt nondischargeable.
 
 
 5
 Nevertheless, debtor argues that the amount of the debt that is nondischargeable is limited to the value of the collateral that plaintiff lost because of debtor's fraud. We disagree. We adopt the reasoning of the Eleventh Circuit in Birmingham Trust Nat'l Bank v. Case, 755 F.2d 1474 (11th Cir.1985).
 
 
 6
 In Birmingham, the court held that the statute presents an "all or nothing" option for nondischargeability of a debt obtained by fraud. Id. at 1477. The debtor in Birmingham misrepresented that he owned certain collateral and the creditor made a loan in reliance on the misrepresentation. Id. at 1475. The debtor argued that the debt should be nondischargeable only to the extent of the value of the collateral lost. The court disagreed, holding that the creditor suffered damage in the amount of the total sum of money advanced in reliance on the misrepresentation. Id. at 1477. The court reasoned that § 523(a)(2)(A) requires nondischargeability of an entire "debt," not a mere portion of it. Id. (citing 11 U.S.C. § 101(4) & (11) (defining "debt")). Further, the court explained that the bankruptcy laws are designed to provide relief to the "honest, but unfortunate debtor," not the dishonest one. Id. Holding that the entire amount of a fraudulently-obtained debt is nondischargeable not only ensures that the dishonest debtor will gain no benefit from his fraudulent conduct, but also fulfills the congressional purpose of punishing him for that conduct. Id. Thus, the "all or nothing" approach best accomplishes the underlying goals of § 523(a)(2)(A).
 
 
 7
 The reasoning of Birmingham is equally applicable here and requires that the entire amount of the debt be held nondischargeable. For all the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Court Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Section 523(a)(2)(A) provides in relevant part:
 (a) A discharge ... does not discharge an individual debtor from any debt--
 (2) for ... an extension, renewal, or refinancing or credit, to the extent obtained by--
 (A) false pretense, a false representation, or actual fraud....