**In re Vittorio GRAMOLINO, Debtor.**

**AMERICAN TITLE INSURANCE COMPANY, Plaintiff,**

v.

**Vittorio GRAMOLINO, Defendant.**

**Bankruptcy No. 94–45223–172.
Adv. No. 94–4460–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 13, 1995.

---

Lynn C. Rodgers, Springfield, MO, for plaintiff.

Howard N. Neuman, St. Louis, MO, for defendant.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

On April 24, 1995, the Court entered a Memorandum and Order determining that a debt owed by Vittorio Gramolino ("Debtor") to American Title Insurance Company ("Plaintiff") was not based upon false representations or fraud and was therefore dischargeable in this Chapter 7 case. On May 4, 1995, the Plaintiff filed a motion to amend or alter the Court's judgment. This Order is based on a consideration of the record as a whole, including the Parties' Memoranda in this post-trial proceeding.

A brief restatement of the facts is necessary for this consideration. The Debtor owned fire damaged property in Camden County, Missouri. Upon the completion of the reconstruction in July, 1989, the Debtor refinanced the debt, converting a construction loan into a mortgage loan. The financing bank, Ozark National Bank, required the placement of a lender's title insurance policy that would insure against any mechanic's liens that might be placed against the property. The Plaintiff's witnesses established that in the typical lender's title policy there is a standard exception to coverage for mechanic's liens. Prior to issuing the policy without the mechanic's lien exception, the Plaintiff required assurance that all sub-contractors who provided services, labor, and materials to the property had been paid.

An agent of the Plaintiff, Corner Land Title Company, conducted the closing at which time both the Debtor and the general contractor, Ted Kolbohm, signed an affidavit swearing that there were no outstanding debts for services, labor, or materials. The Debtor testified that, at the time he signed the affidavit, he had no personal knowledge of any outstanding bills but accepted the representations of the general contractor.

The Plaintiff testified that, pursuant to this affidavit, the policy was issued with the exception for mechanic's liens deleted.

In September, 1991, Osage Building Supply, Inc. obtained a judgment against the Debtor for materials supplied, interest, and attorneys fees in the amount of $22,079.42. Osage Building Supply was also granted a mechanic's lien against the Debtor's property. Pursuant to its obligations under the title policy, the Plaintiff purchased the judgment from Osage Building Supply, released the mechanic's lien, and took an assignment of the judgment.

The Debtor testified that at the closing he relied on the representations made by the general contractor that all the bills were paid. While he admitted he had applied for various supplier credit accounts at the beginning of the reconstruction project, there was no evidence that the Debtor received any bills from these accounts, or that he knew of the amounts owing to the subcontractors during the construction, or that he paid any subcontractors directly.

█ The record has not established that the Debtor knew that his representations were false at the time he executed the affidavit in connection with the acquisition of a title insurance policy. Even if his representations were false at that time, he did not know that they were false. Furthermore, the record has not established that the Debtor possessed the requisite intent and purpose of deceiving the Plaintiff by executing the affidavit.

Notwithstanding a determination that a debtor did not have actual knowledge that a representation was false, some courts have held that "reckless disregard for the truth or falsity of a statement constitutes a 'false representation' under § 523(a)(2)(A) of the Bankruptcy Code." *Birmingham Trust Nat. Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985). The words "reckless disregard" do not appear in Section 523(a)(2)(A), and their specific origin in the Bankruptcy context is unclear. *Id.* at 1476. One possible source that has been located through the Court's research is a Texas Supreme Court opinion which states in part that, "A false statement made by a buyer, who has full opportunity to know whether it is true or not, in reference to a material fact, although it may not be actually known by him to be false, also furnishes ground for avoidance of the sale, if it be made when he has no reason to believe it to be true." *Morrison v. Adoue*, 76 Tex. 255, 261 13 S.W. 166, 168 (Tex.1890).

This language was expanded by the Court of Civil Appeals of Texas in a situation wherein a bankrupt's representation as to his financial standing, *carelessly made* to one who had been induced by the false representations to sell him goods on credit was the basis for denying him a release from liability under Section 17 of the Bankruptcy Act of 1898 as amended in 1903. *Katzenstein v. Reid, Murdock & Co.*, 41 Tex.Civ.App. 106, 91 S.W. 360 (1905). The *Katzenstein* opinion is cited as support for the conclusion that, "Reckless representations are sufficient to except the debt from discharge." Collier on Bankruptcy, 14th Edition, Vol. 1A, page 1635, ¶ 17.16, fn. 16 (1971).

The concept of reckless representations has appeared in numerous bankruptcy decisions since 1971 under various names. *Carini v. Matera*, 592 F.2d 378, 380 (7th Cir.1979) ("reckless disregard for the truth amounting to willful misrepresentation."); *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985) ("such reckless disregard for the truth as to constitute willful misrepresentation"); *Birmingham Trust Nat. Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985) ("reckless disregard for the truth or falsity of a statement constitutes a 'false representation' under § 523(a)(2)(A) of the Bankruptcy Code."); *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986) ("made with gross recklessness as to its truth."); *Matter of Hamm*, 92 B.R. 386, 388 (Bankr.W.D.Mo. 1988) ("made with reckless disregard for the truth."); *In re McLaren*, 3 F.3d 958, 961 (6th Cir.1993) ("gross recklessness as to its truth" quoting *Phillips*, supra.).

█ A determination of non-dischargeability under Section 523(a)(2)(A) requires a finding that a debtor knew that the representations were false at the time he made them. This standard is derived from the requirement that only actual fraud, and not fraud implied in law, satisfies Section 523(a)(2)(A).

*In re Ophaug,* 827 F.2d 340, 342, fn. 1 (8th Cir.1987). The results of the Court's research has not supported the Plaintiff's argument that in the Eighth Circuit, the standard of actual knowledge required under Section 523(a)(2)(A) has been diluted by the recognition of a standard that is based on some degree of reckless conduct. Even if some form of recklessness may be determined to satisfy the requirement of knowledge in the bankruptcy sense, the Debtor's actions here do not approach the type of egregious actions or inaction that have been recognized by other Courts. In signing the affidavit, this Debtor did not act with a reckless disregard for the truth.

**IT IS ORDERED** that the Plaintiff's Motion To Alter Or Amend Judgment is **DE-NIED.**