In re Roger ABERCROMBIE and
Donna Abercrombie, Debtors.

MANUFACTURERS HANOVER TRUST
COMPANY, Plaintiff,

v.

Donna ABERCROMBIE, Defendant.

Bankruptcy No. 91–2348–BKC–3P7.

Adv. No. 91–1288.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 21, 1992.

J. Steven Hudson, Deerfield Beach, FL,
for plaintiff.

Aaron R. Cohen, Jacksonville, FL, for
defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy
Judge.

This proceeding is before the Court upon
the complaint of Manufacturers Hanover
Trust Company seeking to except a debt
from discharge pursuant to 11 U.S.C.
§ 523(a)(2)(A). A trial was held on July 29,
1992. Upon the evidence presented, the
Court enters the following Findings of Fact
and Conclusions of Law:

*Findings of Fact*

In July of 1990, defendant received a pre-
approved Visa Gold Card from plaintiff.
On October 2, 1990, defendant used this
card to obtain a $4,907.21 cash advance.

At the time that defendant obtained the
advance neither she nor her husband were
employed. Defendant had not been em-
ployed for over nine years. Her husband
had been out of work since April of 1990,
when he lost the job he had held for ap-
proximately two years. At the time of his
dismissal, he had been earning approxi-
mately $32,000.00 a year.

In May of 1990, defendant and her hus-
band had ceased making payments on other
credit cards and a second mortgage. No
payments on the cash advance were ever
made.

During the period between April and Oc-
tober of 1990, defendant's husband actively
sought employment, sending out resumes
and attending interviews. At this point,
defendant's sole income was $150.00 a

month that her husband received from the Veteran's Administration.

Defendant testified that prior to making the cash advance, she and her husband estimated their living expenses and determined the minimum amount to exist. The evidence shows that the funds were used to pay the necessary living expenses of the defendant and her husband and that none was used to buy luxury items.

Defendant's husband ultimately obtained employment in January of 1991. However, the income he received from the new position was insufficient to meet their financial obligations.

Defendant's husband first consulted with a bankruptcy attorney in either January or February of 1991. Defendant and her husband subsequently filed a petition under chapter 7 of the Bankruptcy Code on May 8, 1991.

### Conclusions of Law

■ Section 523 of the Bankruptcy Code provides the circumstances under which a particular debt will be excepted from a debtor's discharge. Subsection (a)(2) deals with money or credit obtained through fraudulent conduct and reads in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud....

The Eleventh Circuit addressed the dischargeability of credit card debt under section 17(a)(2) of the Bankruptcy Act of 1898[1] in *First Nat. Bank v. Roddenberry*, 701 F.2d 927 (11th Cir.1983). The debtors in that case had exceeded their credit limit on a Visa card, but the issuing institution had not revoked their credit privileges.

The Court held that "only after such clear revocation has been communicated to the card holder, will further use of the card result in liabilities obtained by 'false pretenses or false representation.'" *Id.* at 932. Thus the Court rejected the "implied misrepresentation" concept and concluded that the bank assumed the risk of non-payment, despite the debtors' apparent inability to pay, until the credit privileges were unequivocally revoked. *Id.* at 932–33. Accordingly, only the debts incurred subsequent to the revocation were obtained by false pretenses or false representation and non-dischargeable under section 17(a)(2).

The *Roddenberry* case was decided under the old Bankruptcy Act and left unresolved the question of whether the addition of the phrase "actual fraud" in § 523(a)(2)(A) of the Bankruptcy Code altered the ultimate result. *Id.* at 929–30 n. 3. However, the case does retain its precedential value and binds this Court. *See Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474 (11th Cir.1985) (differences between 11 U.S.C. § 523(a)(2)(A) and section 17(a)(2) of Bankruptcy Act of 1898 are negligible, so case law construing the Act provides guidance in applying the Code).

In the proceeding at bar, the evidence demonstrates that the plaintiff did not revoke defendant's credit privileges before the advance was made. Under *Roddenberry* the Court cannot imply a misrepresentation merely based on alleged inability to pay. Under the circumstances, plaintiff's claim of obtaining money under false pretenses must fail.

■ However, plaintiff also alleges that by obtaining the advance under the circumstances in existence at the time, defendant committed actual fraud under § 523(a)(2)(A). In order to prevail on such claim of actual fraud, the plaintiff must establish the following:

(1) the defendant made materially false representations;

(2) are liabilities for obtaining money or property by false pretenses or false representations.

---

**1.** Section 17(a) of the former statute reads in pertinent part:

a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

(2) that at the time he made them he knew the representations were false;

(3) that he made them with the intention of deceiving the other party;

(4) that the other party relied upon those representations; and

(5) that the other party sustained damages as the proximate result of those misrepresentations.

*In re Landen,* 95 B.R. 826, 828 (Bankr. M.D.Fla.1989); *In re Young,* 90 B.R. 521, 522 (Bankr.M.D.Fla.1988). The party claiming the exception to discharge has the burden of proving each of the elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The plaintiff contends that defendant misrepresented that she had the intention to repay the advance when she obtained the funds. This Court has outlined the factors to be considered in assessing a debtor's intention to repay a credit card debt:

1) The length of time between the making of the charges and the filing of bankruptcy;

2) whether or not an attorney had been consulted concerning the filing of bankruptcy before the charges were made;

3) the number of charges made;

4) the amount of the charges;

5) the financial condition of the debtor at the time the charged are made;

6) whether the charges were above the credit limit of the account;

7) were there multiple charges on the same day;

8) whether or not the debtor was employed;

9) the financial sophistication of the debtor;

10) whether there was sudden change in the debtors spending habits; and

11) whether the purchases were made for luxuries or necessities.

*In re Landen,* 95 B.R. at 828–29; *In re Carpenter,* 53 B.R. 724, 730 (Bankr. N.D.Ga.1985). No one factor is determinative. Rather, the Court must consider all the evidence and assess the debtor's intent on a case-by-case basis.

In the instant case, only the fourth, fifth, eighth, and tenth factors could conceivable be argued as indicative of a fraudulent intent. The remaining elements work in favor of defendant. Several of the factors are especially relevant to defendant's case: a) over seven months transpired between the advance and the bankruptcy filing; b) only one charge was made; c) the amount charged was less than the authorized credit limit; and d) no luxury items were purchased.

Given that the overall purpose of bankruptcy is to provide the debtor with a fresh start and that exceptions to the discharged are to be strictly construed in favor of the debtor, this Court concludes that the evidence presented is insufficient to establish that the defendant committed actual fraud. Consequently, the debt of $4,907.21 owed by defendant to plaintiff is covered by defendant's discharge.

A separate Judgment finding in favor of defendant and against plaintiff will be entered.