In re Boni W. STANSEL a/k/a
Boni L. Wallace, Debtor.

AT & T UNIVERSAL CARD SERVICES
CORP., a Delaware corporation,
Plaintiff,

v.

Boni W. STANSEL, a/k/a Boni
L. Wallace, Defendant.

Bankruptcy No. 96–160–BKC–3P7.
Adversary No. 96–227.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 9, 1996.

As Amended Dec. 11, 1996.

---

340

Lance Paul Cohen, Jacksonville, FL, for Plaintiff.

Lansing J. Roy, Jacksonville, FL, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon AT & T Universal Card Services,

Corp., a Delaware Corporation's complaint pursuant to 11 U.S.C. § 523(a)(2)(A) to determine dischargeability of credit card debt. Upon the evidence presented at trial on October 1, 1996, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. In 1992, Plaintiff issued a credit card, account number 5398700010078719, to Defendant with a credit limit of $3,200.

2. In August 1994, Defendant and her fiancé began sharing a joint household in order to pool income and expenses. In June 1995, they purchased a house and obtained a mortgage through Barnett Bank.

3. On September 12, 1995, Defendant withdrew $2,000 as a cash advance from the credit card account and on September 22, 1995, Defendant withdrew an additional $1,000 as a cash advance. Defendant obtained both cash advances after the Plaintiff's preapproval via the telephone. In addition, from September to October 1995, Defendant made credit card purchases totalling $561, creating a new balance of $3,639.95, including the finance charges. This balance exceeded Defendant's credit limit of $3,200. Prior to this balance, Defendant had zero balance on her credit card, and had completely paid off her credit card balances twice in the past. Defendant testified she used the cash advances to pay for wedding expenses.

4. Defendant was generally current on her outstanding obligations through July 1995. In August 1995, Defendant began saving money to pay for her wedding, and refrained from making payments on her various obligations. However, she made five payments to three other creditors between September 1995 and October 1995.

5. On November 4, 1995, Defendant and her fiancé were married. In the new relationship, Defendant was responsible for paying the bills and balancing the couple's checking account. Other than the couple's joint debt on the note and mortgage of their home, Defendant's husband had no outstanding debts. The couple's 1995 tax return reflected a gross income of $33,295.

6. Although Defendant exceeded her credit limit and missed some payments, Plaintiff did not attempt to terminate or revoke her credit card privileges.

7. Defendant is twenty-six years old, and has completed one year of college. While in college, Defendant has taken some business classes, including college algebra. She was employed by Barnett Bank in the Merchants' Services Division until January 31, 1996.

8. Defendant testified that she first talked to a bankruptcy attorney on November 16, 1995, after returning from her honeymoon.

9. On January 10, 1996, Defendant filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code. On April 5, 1996, the Plaintiff filed a complaint to determine dischargeability of the credit card debt pursuant to 11 U.S.C. § 523(a)(2). Plaintiff contends that the amount of $4,099.43 should be excepted from Defendant's discharge because Defendant obtained credit by false pretenses, false representation or actual fraud.

10. Upon the trial evidence, the Court finds that Plaintiff has not met its burden of proving a case under 11 U.S.C. § 523(a)(2)(A). Defendant's explanation was credible. She testified honestly and truthfully. There was no showing that she intended to obtain the cash advances and incur the charges to later file bankruptcy and relieve herself of liability. She believed that she was capable of paying her credit card bill as she did in the past.

11. Court afforded Defendant's counsel an opportunity to move for attorney's fees and costs pursuant to 11 U.S.C. § 523(d). On October 9, 1997, Defendant's counsel moved for attorney's fees and costs pursuant to 11 U.S.C. § 523(d) in the amount of $3,377.60.

12. A hearing was held on November 4, 1996, and Court found that Defendant's attorney should be awarded fees in the amount of $3,340. The work done was necessary and the fee charged was reasonable. However, the $37.60 cost for a transcript of a deposition not used at trial is not allowed.

## CONCLUSIONS OF LAW

This proceeding addresses two issues. First, is whether Defendant's credit card debt should be excepted from her discharge under subsection 523(a)(2)(A). Secondly, is whether reasonable attorney's fees and costs should be award to Defendant's counsel pursuant to Subsection 523(d). Each issue will be addressed accordingly.

### 1. Subsection 523(a)(2)(A)

■ Plaintiff relies on subsections 523(a)(2)(A) to support its contention that Defendant's credit card debt should be excepted from her discharge. Subsection 523(a)(2)(A) provides, in pertinent part, that:

(a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from debt—

(2) for money, property, or services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A) (1994). The purpose of bankruptcy is to give the debtor a fresh start, and exceptions to the discharge are strictly construed in favor of the debtor. *See Household Credit Serv. v. Rivera (In re Rivera),* 151 B.R. 602, 605 (Bankr.M.D.Fla. 1993); *Manufacturers Hanover Trust Co. v. Abercrombie (In re Abercrombie),* 148 B.R. 964, 965–66 (Bankr.M.D.Fla.1992); *First Fed. of Jacksonville v. Landen (In re Landen),* 95 B.R. 826, 829 (Bankr.M.D.Fla.1989).

■ First, the Court concludes that Plaintiff cannot rely on implied misrepresentation or fraud to except the credit card debt from

debtor's discharge. The Eleventh Circuit addressed the dischargeability of credit card debt under section 17a(2) of the Bankruptcy Act of 1898 [1] in *First Nat. Bank v. Roddenberry,* 701 F.2d 927 (11th Cir.1983). The debtors in that case exceeded their credit limit on a Visa card, but the issuing institution had not revoked their credit privileges. *Id.* at 928–29. The Court of Appeals held that "only after such clear revocation has been communicated to the card holder, will further use of the card result in liabilities obtained by 'false pretenses or false representation.'" *Id.* at 932. Thus, the Court of Appeals rejected the "implied misrepresentation" concept and concluded that the bank assumed the risk of non-payment, despite the debtors' apparent inability to pay, until credit privileges were unequivocally revoked. *Id.* at 932–33. Accordingly, only the debts incurred subsequent to the revocation were obtained by false pretenses or false representation and non-dischargeable under section 17a(2). *Id.* This Court is bound by *Roddenberry* [2] and has consistently applied its holding in prior cases dealing with dischargeability of credit card debts under subsection 523(a)(2). *See, e.g., Rivera,* 151 B.R. at 605; *Abercrombie,* 148 B.R. at 965–66; *Landen,* 95 B.R. at 829.

In this proceeding, Plaintiff did not revoke Defendant's credit card privileges before the cash advances were made. Therefore, under *Roddenberry,* the Court cannot imply a misrepresentation merely based on alleged inability to pay.

■ Next, the Court concludes that the Plaintiff falls short in showing that actual fraud exists under subsection 523(a)(2)(A). In order to prevail on a claim of actual fraud, the Plaintiff must establish that:

---

1. Section 17a of the former statute reads in pertinent part:

 a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

 (2) are liabilities for obtaining money or property by false pretenses or false representations.

2. The *Roddenberry* case was decided under the old Bankruptcy Act and left unresolved the question of whether the addition of the phrase "actual fraud" in § 523(a)(2)(A) of the Bankruptcy Code altered the ultimate result. *Id.* 929–30 n. 3. However, the case does retain its precedential value and binds this Court. *See Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1476 (11th Cir.1985) (stating that the differences between 11 U.S.C. § 523(a)(2)(A) and section 17a(2) of Bankruptcy Act of 1898 are negligible, so case law construing the Act provides guidance in applying the Code).

(1) The defendant made materially false representations;

(2) At the time defendant made them, the defendant knew the representations were false;

(3) Defendant made them with the intention of deceiving the other party;

(4) The other party relied upon those representations; and

(5) The other party sustained damages as the proximate result of those misrepresentations.

*See Rivera,* 151 B.R. at 605; *Abercrombie,* 148 B.R. at 965–66; *Landen,* 95 B.R. at 829. The plaintiff has the burden of proving that the debt should be excepted from Defendant's discharge. **Fed.R.Bankr.P.** 4005. The standard of proof for the dischargeability exception under subsection 523(a) is preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

■ In this proceeding, Plaintiff cannot meet its burden of proving the five elements. There is no showing that Defendant knowingly made false representations with the intention of deceiving the Plaintiff. Nor could the Plaintiff show that it relied the Defendant's false representation and sustained damages as a result of such reliance.

■ The Plaintiff, nevertheless, contends that Defendant did know or should have known that she was in a precarious financial position in September 1995, when she withdrew the two cash advances in the sum of $3,000. This Court has outlined the factors to be considered in assessing a Defendant's intention to repay a credit card debt:

1) The length of time between the making of the charges and the filing of bankruptcy;

2) Whether or not an attorney had been consulted concerning the filing of bankruptcy before the charges were made;

3) The number of charges made;

4) The amount of the charges;

5) The financial condition of the debtor at the time the charges are made;

6) Whether the charges were above the credit limit of the account;

7) Were there multiple charges on the same day;

8) Whether or not the debtor was employed;

9) The financial sophistication of the debtor;

10) Whether there was sudden change in the debtor's spending habits; and

11) Whether the purchases were made for luxuries or necessities.

*Rivera,* 151 B.R. at 605; *Abercrombie,* 148 B.R. at 966. The Court must consider all the evidence and assess the Defendant's intent on a case-by-case basis. *Id.* No one factor is determinative. *Id.*

In this proceeding, the cash advances were incurred between September 12–22, 1995, and the bankruptcy case was filed approximately four months later on January 10, 1996. Defendant consulted with an attorney on November 16, 1995, approximately two months after the cash advances were taken and about a month after all charges were made on the credit card. The court concludes that neither the number of charges nor the amount of the charges Defendant made showed defendant's lack of intent to repay her debt. The Defendant's financial condition at the time the charges were made was not significantly different than the previous year. Although Defendant exceeded her $3,200 credit limit, the additional amount is not significant to warrant excepting the debt from discharge. While there were three charges on October 3, 1995 and six charges on October 9, 1995, there is no showing of Defendant's mal intent because those purchases were made in connection with the expenses of her wedding. Defendant was gainfully employed with Barnett Bank at the time the cash advances and charges were made. Defendant and her now husband reported a gross income of $33,295 on their 1995 tax returns. Nothing about the Defendant's financial sophistication reveals that she used her credit card with mal intent. The evidence does not reveal any sudden change in the Defendant's spending habits, except the credit card was used for wedding expenses. Finally, although some of the De-

fendant's expenditures were for luxurious honeymoon items, excepting the credit card debt from her discharge is not warranted because Plaintiff cannot show Defendant did not intend to repay the credit card debt at the time the purchases and cash advances were made.

This Court concludes that the evidence presented is insufficient to establish that the defendant committed actual fraud. Consequently, Defendant's debt of $4,099.43 is dischargeable.

### 2. Subsection 523(d)

▮▮▮ Having determined that Plaintiff has failed to meet its burden of proving that the Defendant's credit card debt should be excepted from her discharge, the Court now turns to whether Defendant's counsel is entitled to reasonable attorney's fees under subsection 523(d), which provides, in part, that:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grand judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d) (1994). Under subsection 523(d), the Court examines: (1) whether the position of the creditor was substantially justified; and (2) if not substantially justified, whether there exists any special circumstances which would make an award of costs and reasonable attorney's fees unjust. *Manufacturers Hanover Trust v. Cordova (In re Cordova)*, 153 B.R. 352, 354 (Bankr.M.D.Fla. 1993) (Baynes, J.). The test of whether a challenge to dischargeability is substantially justified is one of reasonableness. *Id.* The creditor must show that its challenge has a reasonable basis in law and in fact. *Id.*

In this proceeding, Plaintiff requested a determination of dischargeability of a consumer debt under subsection 523(a)(2)(A), and this Court has concluded that Defendant's debt is dischargeable. The Plaintiff had no reasonable basis in law or in fact to challenge the dischargeability of Defendant's credit card debt. The Plaintiff's representative did not attend the meeting of creditors to inquire about the Defendant's use of her credit card. Also, while the Plaintiff did take Defendant's deposition prior to the trial, Plaintiff did not seek authorization to conduct a Rule 2004 examination before initiating the law suit. Defendant's testimony at trial is consistent with her testimony during her deposition, and the Plaintiff made no showing that Defendant committed false pretenses or actual fraud, or made false representations in using her credit card. Therefore, Plaintiff had no reasonable basis in law or in fact support its challenge.

Having determined that Plaintiff's challenge to dischargeability is not substantially justified, the Court now decides whether there is any special circumstances which would make an award of costs and reasonable attorney's fees unjust. Here, the Plaintiff presented no evidence at the hearing on attorney's fees and costs that would show the existence of any special circumstances which would make the award of attorney's fees and costs unjust. Therefore, Defendant's attorney is entitled to attorney's fees under subsection 523(d). The Court will grant Defendant's Motion for attorney's fees in the amount of $3,340, which is based on 16.7 hours at $200 per hour. However, the $37.60 cost for a transcript of a deposition not used at trial will not be allowed.

### CONCLUSION

Plaintiff has not established by preponderance of the evidence that the Defendant's credit card debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) because it cannot prove Defendant committed false pretenses, false representation or actual fraud in using her credit card. Defendant's counsel is entitled to reasonable attorney's fees under 11 U.S.C. § 523(d) because the Plaintiff's challenge to the dischargeability of Defendant's credit card debt was not substantially justified and no special circumstances exists to make the awarding a reasonable attorney's fee unjust. The Court will enter a separate judgment

consistent with these findings of fact and conclusions of law.